THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JAMES DAVIS, Appellant.

Argued May 23, 1951; decided October 18, 1951.

*Jawn A. Sandifer* for appellant. I. The Court of Special Sessions as convened was without jurisdiction in the absence of an order of the County Court as required by subdivision 2 of section 702-a of the Code of Criminal Procedure. (*People ex rel. Lotz* v. *Norton*, 76 Hun 7; *People* v. *McPherson*, 74 Hun 336; *People* v. *McLaughlin*, 57 App. Div. 454; *Lattimore* v. *People*, 10 How. Prac. 336; *Moore* v. *Taylor*, 88 App. Div. 4; *Blend* v. *People*, 41 N. Y. 604; *Cancemi* v. *People*, 18 N. Y. 128; *People* v. *Guidici*, 100 N. Y. 503; *People* v. *Bork*, 96 N. Y. 188; *People* v. *Rathbun*, 21 Wend. 509.) II. The People did not prove that defendant had violated subdivision 1 of section 722 of the Penal Law as a matter of law. (*People* v. *Reid*, 40 N. Y. S. 2d 793; *People* v. *Nixon*, 248 N. Y. 182; *People* v. *Huyck*, 12 N. Y. S. 2d 811; *People* v. *Most*, 171 N. Y. 423; *People* v. *Perry*, 265 N. Y. 362; *People* v. *McCauliff*, 267 N. Y. 581; *People* v.

*Oczko,* 272 N. Y. 604; *People* v. *Schultz,* 301 N. Y. 495; *People* v. *Monnier,* 280 N. Y. 77; *People* v. *Ludovici,* 13 N. Y. S. 2d 88.) III. There is no provision in the Code of Criminal Procedure for the intervention of an outside attorney on behalf of the People as a friend of the court.

*Frank A. Gulotta, District Attorney (Philip Huntington* and *Henry P. De Vine* of counsel), for respondent. I. The evidence is sufficient to sustain the conviction as a matter of law. (*Cantwell* v. *Connecticut,* 310 U. S. 296; *People* v. *Most,* 171 N. Y. 423; *People* v. *Clarke,* 12 N. Y. S. 2d 8; *People* v. *Sadowsky,* 149 Misc. 583; *People* v. *Gardner,* 51 N. Y. S. 2d 197; *People* v. *Fenton,* 102 Misc. 43.) II. The Acting City Judge had power and jurisdiction to continue the proceedings, preside over the trial and render judgment when the City Judge declared himself disqualified, upon defendant's motion.

LEWIS, J. This appeal by the defendant, by permission of a member of this court (Code Crim. Pro., § 519, subd. 1; § 520, subd. 3) presents for our review a judgment of the County Court, Nassau County, affirming a judgment of the City Court of the City of Glen Cove, which convicted the defendant of assault in the third degree and disorderly conduct, the sentence in each case having been suspended (Penal Law, §§ 244, 722).

By the original and superseding informations it was charged that on March 3, 1950, on a public street in the city of Glen Cove, the defendant assaulted a local police officer and then and there used profane, abusive and threatening language of such a character as to occasion a breach of the peace, and cause a crowd to collect.

There is evidence, adduced upon the trial, that while the complainant, a local police officer, was preparing a summons for the defendant's violation of a local parking ordinance, the defendant, on a public street in the city of Glen Cove, addressed the police officer in foul and abusive language and inflicted blows upon him, thereby causing a crowd to gather.

In that state of the record we cannot say as a matter of law that there was no substantial evidence which served as a basis for a finding, by the trier of the facts, of the defendant's guilt as charged. Concluded, as we are, by that circumstance and by the concurrent action of the courts below, from a considera-

tion of the facts (*People* v. *Most,* 171 N. Y. 423, 427; *People* v. *Lobel,* 298 N. Y. 243, 251) we pass to the remaining inquiry whether, on the trial, the defendant's rights were prejudiced by any ruling of the trial court to which an exception was taken.

Upon this appeal the argument is made that the City Court of the City of Glen Cove, as convened to conduct the defendant's trial, was without jurisdiction in the absence of an order by a County Court Judge — claimed to have been required by subdivision 2 of section 702-a of the Code of Criminal Procedure — designating the judicial officer who presided at the trial.

The circumstance of record which the defendant cites as the basis for his argument is that the Judge who presided at his trial was an Acting City Court Judge who, without designation by an order of a County Court Judge, took over the case following the disqualification of the City Court Judge before whom the case was called and before any evidence was taken. Further facts from the record will contribute to an understanding of the problem presented:

On March 4, 1950, when charges were filed against the defendant, an appearance in his behalf in the City Court of the City of Glen Cove was originally made by an attorney, at whose request Judge JOSEPH A. SUOZZI, the City Court Judge then presiding, adjourned the defendant's formal arraignment until March 28, 1950. On the latter date, when the defendant appeared in City Court and charges previously filed with the court were read to him, a second attorney noted his appearance as counsel for the defendant. Thereupon Judge SUOZZI permitted the withdrawal from the case by the attorney who originally appeared who stated that he " *   *   * had represented defendant Davis free of charge at his request and by request of the National Association for the Advancement of Colored People ". After granting a " request " by the original attorney " *   *   * that all the defenses and challenges be made in writing", and having permitted him to " intervene ", as he phrased it, " as a friend of the Court ", Judge SUOZZI — who did not preside at the trial — adjourned the case, upon the defendant's request, for trial on April 21, 1950.

It also appears that, following arraignment of the defendant, the case — involving, as it did, the arrest of the defendant, a member of the Negro race — had aroused local interest and had

been the subject of discussion during at least one local "conference" attended by Judge Suozzi. It was that circumstance which prompted Judge Suozzi on April 21, 1950 — the adjourned date for the defendant's trial — to make the following statement:

"The Court: I wish to say that at the time I participated in the conference the only thing that transpired during my presence was a general discussion with respect to relations between white and colored people, and at that time my only declaration was that I would give the defendant in this case as fair a trial as I would give anyone. On the basis of the fact we have had an interval in between I want to ask you for the record: do you have any objection to my sitting on this case? Do you feel I can try this case in a fair and impartial manner? As far as I am concerned, I have made no judgment on this case and I wish you to state for the record what your feelings are on this." In response to that inquiry, counsel for the defendant then voiced his objection to Judge Suozzi presiding at the trial, to which objection Judge Suozzi made the following statement:

"The Court: I want this case to proceed as impartially as I feel we can do it. If the feeling of the defendant is I cannot try this case, feeling his rights are being prejudiced, on that ground I think perhaps the best thing to do is to get somebody else to try this case." Thereupon Judge Suozzi disqualified himself and adjourned the case until April 28, 1950, when a trial was had before Acting City Court Judge WILLIAM J. COSGROVE of the City Court of Glen Cove.

For reasons presently to be stated, we think the defendant's challenge to the jurisdiction of the trial court by which he was convicted — such challenge being based upon the lack of a County Court Judge's order designating the Acting City Court Judge to preside — is without merit. True it is that subdivision 2 of section 702-a of the Code of Criminal Procedure provides that, if a magistrate shall become disqualified pending final disposition of a case, a transfer of the cause for trial before another magistrate may be effected by an order of the County Judge. That statute, however, does not prescribe the exclusive procedure where, as in the present case, the Legislature has expressly provided for the City of Glen Cove an alternative

method of substitution in the event the City Court Judge disqualifies himself. The Charter of the City of Glen Cove, as amended by chapter 380 of the Laws of 1942, provides " The mayor may, from time to time, designate a person with the same qualifications to act in the temporary absence or disqualification of the city judge, *with the same jurisdiction.*" (Emphasis supplied.) In the absence of any asserted claim by the defendant to the contrary, we take judicial notice of the fact that on April 28, 1950 — the date when the evidence was taken upon which the defendant was convicted — Judge Cosgrove had been duly appointed and had qualified as an Acting City Court Judge under the statute last quoted above. Accordingly, we find in the record no basis for the defendant's claim that the City Court of the City of Glen Cove as convened with Acting City Court Judge Cosgrove presiding, was without jurisdiction to render the judgment of conviction with which this apppeal is concerned.

Nor does the record contain any evidentiary basis whatever for the suggestion that the attorney who originally appeared for the defendant was present at any time during the trial had on April 28, 1950, before Acting City Court Judge Cosgrove, and there is no evidence that any ruling or judicial act by that presiding officer was influenced by the displaced attorney.

Concluding, as we do, that the defendant's trial was conducted by a properly constituted court, and finding in the record no evidence from which an inference of prejudice to the defendant's rights may be drawn, the judgment should be affirmed.

Fuld, J. (dissenting). When charges were first filed against him in the City Court of the City of Glen Cove, defendant was represented by an attorney. When arraigned several weeks later, he appeared by another attorney, and the first one was permitted to " withdraw ". Then, after defendant's new counsel had attacked the regularity of the proceedings, the other asked the judge presiding to allow him to " intervene as a friend of the Court ", because, as he expressed it, " his conduct had been put in question " by defendant. The court granted the request, despite the fact that it was clear from his statement that he wanted to remain in the case, not to assist defendant, but to vindicate some supposed right of his own, and despite the further fact that he had already taken a position, if not adverse

to defendant, certainly not helpful to him, by insisting upon the burdensome and unusual requirement " that all the defenses and challenges [by defendant] be made in writing and sworn to." And while it is true, as the court notes in its opinion, that the record fails to show that the displaced attorney was present on April 28th, the day on which the trial proper was held, the fact seems to be — asserted by defense counsel, and acknowledged by the assistant district attorney, on the argument before us upon this appeal — that he conferred with the prosecutor during the course of the trial.

One accused of crime has an absolute and unqualified right to have counsel of his own choosing, and that, of course, encompasses the right to relieve himself of an attorney formerly retained. (See, e.g., *People* v. *Koch,* 299 N. Y. 378, 381; *People* v. *McLaughlin,* 291 N. Y. 480; *People* v. *Price,* 262 N. Y. 410, 412; *Glasser* v. *United States,* 315 U. S. 60.) That right existing, a court may not curtail it or render it illusory by permitting a discharged, and perhaps disgruntled, lawyer to continue in the case. Quite apart from other considerations, a defendant should not be forced to run the risk of even an unwitting and innocent disclosure of some privileged or confidential communication. Potentially dangerous, instinct with prejudice and harm, the practice of permitting a discharged attorney to intervene in a criminal prosecution, even under the ambiguous title of "friend of the court", is as inherently wrong and indefensible as, concededly, it is unwarranted.

It may well be that there is no proof in this case that the displaced attorney violated any confidence of his former client or that his intervention in the case influenced any ruling or judicial act of the judge or affected the outcome of the trial. But that does not mean that we may disregard the asserted impropriety as technical or harmless. (Code Crim. Pro., § 542; cf. *People* v. *Mleczko,* 298 N. Y. 153, 162.) In a case where a constitutional right has been violated (see, e.g., *Snyder* v. *Massachusetts,* 291 U. S. 97, 116) or where, as here, the ruling or conduct complained of offends against basic principles, a court cannot be satisfied that defendant's rights were not affected. " We may disregard errors which do not affect the substantial rights of the parties, but we must be satisfied that these rights are not affected. The possibility that they may not

be is insufficient." (*People* v. *Doran,* 246 N. Y. 409, 428, per ANDREWS, J., concurring.) We will not speculate as to the impact of the error upon defendant's rights or " indulge in nice calculations as to the amount of prejudice arising " therefrom. (*Glasser* v. *United States, supra,* 315 U. S. 60, 76.)

The conviction should be reversed, and a new trial ordered.

CONWAY, DYE and FROESSEL, JJ., concur with LEWIS, J.; FULD, J., dissents in opinion in which LOUGHRAN, Ch. J., and DESMOND, J., concur.

Judgment affirmed.