Robert O. Brink, J.
The defendant-appellant has appealed to this court from a judgment of conviction in the City Court of Binghamton, Broome County, New York for the offense of a violation of subdivision 1 of section 722 of the Penal Law of the State of New York following a trial before Honorable Walter J. Relihan, Judge of the City Court of Binghamton without a jury. At the termination of the trial, the court reserved decision upon the stipulation of the attorneys, “ to about within twenty days.” On the 30th day of April, 1956 the'court handed down a decision in writing by which the court found the defendant guilty and suspended sentence. From the return of the Trial Judge and the concession of the District Attorney, it is apparent that copies of the decision were mailed to counsel and another copy was filed by the court and judgment of conviction entered thereon. However, the defendant was never formally brought back into court for judgment and sentence.
The defendant-appellant in his affidavit of errors, raises five questions on this appeal which may be briefly stated as follows: one, that the prosecution wholly failed to sustain the burden *844 of proof; two, that the prosecution failed to prove the defendant guilty beyond a reasonable doubt; three, that the decision is contrary to the weight of evidence; four, that the court conducted a biased and prejudiced but lengthy cross-examination of witnesses; and five, that by the manner by which the court reserved decision and by failing to comply with sections 717 and 702-a (subd. 3) of the Code of Criminal Procedure, the court was without jurisdiction.
The first three points raised by the appellant are so closely related, that they may be considered together. Evidence was presented by the prosecution tending to establish that after the defendant had engaged in a fight in a restaurant and that after the combatants had been separated by two police officers arriving at the scene while the fight was in progress, the defendant struck one police officer and attempted to strike the other.
The information which originally charged a violation of subdivision 2 of section 722 of the Penal Law was amended at the trial without objection to a charge a violation of subdivision 1 of section 722. The information alleged among other things, that the defendant struck the officer, the informant Edward Heslin, on the side of the mouth. There was further evidence that the defendant called, at least one of the officers, a vile name. This type of conduct under circumstances similar to the facts involved in this case, has been held sufficient to constitute disorderly conduct in violation of subdivision 1 of section 722 of the Penal Law. (People v. Davis, 303 N. Y. 235.)
The appellant’s counsel argues vigorously, that the court did not accept the testimony of disinterested witnesses. There is no rule requiring a trial tribunal to disregard the testimony of interested witnesses. It may determine that all witnesses are interested to some extent or that the testimony of certain disinterested witnesses is not worthy of belief. It is the duty of a judge finding the facts to determine the truth from all the testimony in the case, including both interested and disinterested witnesses. An examination of the record indicates there was sufficient evidence before the trial court to justify the finding that the defendant was guilty of the offense charged.
It appears from the record, that the Trial Judge cross-examined the defendant to a considerable extent. Appellant’s counsel argues, that this indicated bias and prejudice on the part of the court. While unusual and lengthy cross-examination by a trial judge in the presence of a jury, might under some circumstances constitute reversible error, that situation is not involved here.
*845 It cannot be said that defendant is necessarily prejudiced by cross-examination from a Trial Judge who is the trier of the facts. In fact, there is greater probability that a defendant might receive some benefit from clarification of his testimony relating to issues concerning which there might be some doubt in the mind of the court. It certainly cannot be said that the defendant would fare better if questions arising in the mind of the Judge remained unanswered. Under the circumstances, in the opinion of this court, the cross-examination by the Trial Judge is not sufficient grounds for reversal.
The sole remaining question is whether the trial court lost jurisdiction by the manner in which he reserved and rendered his decision. While there are conflicting decisions in the trial courts of this State on this question, this court is inclined to follow the decision in the case of People v. De Luigi (208 Misc. 537) which holds in effect, that an adjournment without date to reserve decision does not cause a Court of Special Sessions to lose jurisdiction by reason of subdivision 3 of section 702-a of the Code of Criminal Procedure.
In cases where a Court of Special Sessions reserves decision and at a later date renders a decision finding the defendant guilty and imposes a sentence, the defendant appears before the court on a date mutually arranged between the court and the attorneys at which time sentence is imposed. Under such circumstances, the eight days’ notice provided by section 702-a of the Code of Criminal Procedure is not served and probably is not necessary, due to the fact, that the defendant voluntarily submits to the jurisdiction of the court without the eight days ’ notice.
However, in the case at bar, the court decided to suspend sentence and apparently felt that it was not necessary to formally bring the defendant into court. With this procedure, it cannot be determined that the case was ever adjourned to a definite date for disposition in compliance with subdivision 3 of section 702-a of the Code of Criminal Procedure. While the court still retains jurisdiction of the case, the judgment of conviction was never properly entered because the defendant was not in attendance at an adjourned session of the court for final disposition.
It cannot be argued, that this error is cured by a suspended sentence because the defendant has been subjected to the stigma which naturally arises from the conviction of any offense. Regardless of the sentence, he has been deprived of substantial rights such as: the right to be in the presence of the court at the time he is convicted; the right to immediately move for a *846 new trial; move for an arrest of judgment; and to move to set aside the court’s decision as being contrary to the law and the facts. The defendant is entitled to the benefit of these rights immediately at the time he is found guilty. On this point the judgment of conviction should be reversed, but the defendant should not be discharged. (People v. Jacobs, 2 Misc 2d 369.) The ease is remitted to the City Court of Binghamton before Honorable Walter J. Relihan, City Judge of Binghamton, to reconvene in accordance with subdivision 3 of section 702-a of the Code of Criminal Procedure and to proceed from the point when the trial was concluded. Order may be submitted accordingly.