Louis G. Bruhn, J.
This is an application on behalf of the People pursuant to section 702-a of the Code of Criminal Procedure for an order transferring the above cause for trial by or before some other Magistrate having jurisdiction in ' the premises.
The defendant, above named, was arrested and charged with speeding within the limits of the City of Kingston in violation of an ordinance of such municipality.
Subsequently, he was arraigned and pleaded ‘ ‘ not guilty ’ ’.
Thereafter, both the Hon. Aabon E. Klein, City Judge, as well as the Hon. Abthub B. Ewig, the Special City Judge of *615 the City of Kingston, disqualified themselves Horn any further participation in the case.
Whether either was justified in such action is not open to review in this proceeding.
However, this court is prompted to comment that while, lately, it appears that judges disqualify themselves too frequently, it is better that the trend is in that direction rather than in the opposite direction.
Disqualification is no longer a matter of a direct pecuniary interest but rather one of conscience which the Judge himself can best resolve motivated by a desire to remove the slightest possible impression on the part of any litigant that his decision might be influenced by his interest in or connection with the case. (People v. McDonald, 8 Misc 2d 50; People v. Kohl, 17 Misc 2d 320.)
The first question which arises is whether or not this court has jurisdiction to entertain this application.
Section 702-a of the Code of Criminal Procedure provides in part: “ 2. If, pending final disposition of the case, the magistrate shall * * * be disqualified to act, it shall be the duty of the district attorney, if he appears or is represented in the case * * # to apply to the county judge of the county * * * for an order transferring the cause for trial by or before some other magistrate having jurisdiction in the premises, at a time and place fixed by or pursuant to such order.” (Emphasis supplied.)
Special significance must be given to the employment of the term ‘ ‘ magistrate ’ ’ in such section to arrive at a sensible solution of the problem involved.
Section 147 of the Code of Criminal Procedure defines, among others, the following as Magistrates:
‘ ‘ 2. The judges of local courts of inferior jurisdiction established for cities which are expressly authorized by law to act in criminal matters.
* * #
“ 5. The justices of the peace.” (Emphasis supplied.)
Obviously, such definition embraces both the City Judge, the Special City Judge and Justices of the Peace.
Section 34 of the Kingston City Court Act (L. 1952, ch. 813), provides in part: ‘1 The criminal jurisdiction conferred by this act shall extend to charges of crimes and offenses committed within the territorial limits of the city.”
Section 35 of said act provides in part:
“ 1. A city judge shall possess all the powers and jurisdiction of a magistrate.
*616 ‘‘ 2. The court shall have the jurisdiction of a court of special sessions, to be exercised under the title of city court, and shall also have, in the first instance, exclusive jurisdiction to hear, try and determine any charge of misdemeanor committed within the city. It shall have exclusive jurisdiction to hear, try amd determine all complaints and charges of violations of the city charter, local laws, ordinances and rules and regulations adopted pursuant thereto.” (Emphasis supplied.)
Section 36 of said act provides in part: “ all provisions of the code of criminal procedure relating to inferior courts of local jurisdiction shall apply to criminal actions, proceedings and matters in the court.” (Emphasis supplied.)
Certainly the cited sections appear to this court sufficient justification for the conclusion that section 702-a of the Code of Criminal Procedure may be properly invoked in the situation presented by this application, especially since the Kingston City Court Act makes no provision for succession, in the event of disqualification, beyond the Special City Judge.
As further substantiation of the soundness of such conclusion it may be noted that section 56 of the Code of Criminal Procedure provides in part:
“ Subject to the power of removal provided for in sections fifty-seven and fifty-eight and subject to being divested of jurisdiction as provided in section fifty-nine * * * courts of special sessions, outside of the city of New York, have in the first instance exclusive jurisdiction to hear and determine charges of misdemeanors, offenses, violations of ordinances and infractions committed within their respective counties, as follows:
* * *
“ 35. All violations of the provisions of * * * ordinances
of the cities, villages and towns and commissions and districts of the county, cities, villages and towns when authorized by law to adopt the same ”. (Emphasis supplied.)
Surely, in view of such language, it is difficult to argue forcibly that Court of Special Sessions, outside the City of New York, would not have 1 ‘ jurisdiction in the premises ” of a violation of an ordinance duly adopted by any city, town or village.
Furthermore, bear in mind that it has been held that ‘ ‘ the words, ‘ exclusive jurisdiction ’ when used with respect to inferior criminal courts * * * was only intended to define the jurisdiction of inferior courts established thereby as between themselves. (People v. Wenk, 71 Misc. 368; People v. McCarthy, 168 N. Y. 549.) * * * The use of the words in the statute *617 ‘ exclusive jurisdiction ’ were used simply to prevent a conflict of courts having jurisdiction over the same person for the same offense. It was a precautionary measure to prevent a violation of the Constitution upon the elementary principle that no person shall be subject to be twice put in jeopardy for the • same offense.” (People ex rel. Kawiecki v. Carhart, 170 Misc. 894, 896.)
While, concededly, “ exclusive jurisdiction” is conferred upon the City Court of Kingston, that jurisdiction merely defines the locus of the inception of prosecution and is subject to transfer “for trial” when the case is properly brought within the provisions of section 702-a of the Code of Criminal Procedure.
The purpose of 702-a is not to divest the City Court of jurisdiction but merely to transfer it “ for trial by or before some other magistrate ” with jurisdiction to try and determine charges of comparable character.
Since no one questions the power of this court, when disqualification occurs, to transfer causes arising in Courts of Special Sessions outside of the City of Kingston from one Justice of the Peace to another for trial, there seems no cogent reason for opposing such transfer of City Court cases in the same manner when both its Judges are disqualified.
As still further affirmation of the soundness of this court’s conclusion is the case of People v. Davis (303 N. Y. 235).
It is true that such case merely decided that no order of transfer was necessary to designate the Acting City Court Judge to preside since the City Charter of Grlen Cove made specific provision for his acting in case of a disqualification of the City Judge.
In the instant case, no such question is presented since both the City Judge and Assistant City Judge are disqualified.
However, the court in the Davis case (supra, pp. 239-240) had this to say: “ For reasons presently stated, we think the defendant’s challenge to the jurisdiction of the trial court by which he was convicted — such challenge being based upon the lack of a County Court Judge’s order designating the Acting City Court Judge to preside — is without merit. True it is that subdivision 2 of section 702-a of the Code of Criminal Procedure provides that, if a magistrate shall become disqualified pending final disposition of a case, a transfer of the cause for trial before another magistrate may be effected by an order of the County Judge. That statute, however, does not prescribe the exclusive procedure where, as in the present case, the Legis *618 ¡ature has expressly provided for the City of Grlen Cove an alternative method of substitution in the event the City Court Judge disqualifies himself.”
Consistent with such reasoning, it certainly would be fair to say that since the Legislature in enacting the Kingston City Court Act made no provision for a situation where both the City Judge and Special City Judge are disqualified, that under such circumstances section 702-a would apply and transfer could be made to any other Magistrate in the County of Ulster having jurisdiction in the premises. (People v. Volger, 6 Misc 2d 226.)
Because of the conclusion reached by this court, it becomes unnecessary to pass on other questions raised by the defendant.
In passing, however, it may well be that even though the County Judge of the county is a “magistrate” by definition under section 147 of the code, he would not have ‘1 jurisdiction in the premises ” because of the limitation imposed by section 39 of the Code of Criminal Procedure.
Therefore, for the reasons stated, the application of the People is granted and the cause is transferred for trial before the Hon. Arthur A. Reilly, Justice of the Peace of the Town of Ulster, at his office in said town on April 27,1960 at 3:00 p.m.