Mario Pittoni, J.
Defendant, who is charged with breaching of subdivision 3 of section 240.20 of the Penal Law (disorderly conduct), a “ violation ”, in the Long Beach City Court, moves to have his case transferred to the Nassau County District Court on the ground that he cannot get a fair trial before the City Court Judges of the City of Long Beach. The gist of his many allegations in his unanswered affidavit is that the people of Long Beach are controversially charged with emotion in respect to this case and as to his activities as the head of CORE.
He admits that sections 57 and 344 of the Code of Criminal Procedure do not authorize or warrant the removal of a viola *331 tion from the Long Beach City Court to the Nassau County District Court and that there is no precedent for the requested relief. However, he argues that since section 2001 of the Uniform District Court Act gives the District Court concurrent jurisdiction with the Long Beach City Court, and since the prosecution herein could have been instituted in the District Court, the transfer from the Long Beach City Court to the Nassau County District Court is merely an administrative act. What he means by that in his brief and what he meant by that in his oral argument is still unclear. In short, his arguments and citations for the transfer from the Long Beach City Court to the Nassau County District Court are not persuasive. However, section 2001 of the Uniform District Court Act may give some substance to his application because of the concurrent jurisdiction of the District Court over violations committed within its territorial jurisdiction.
I am mindful of a very important principle of constitutional and criminal law: that both the People of the State and defendant are entitled to an unbiased, unprejudiced, and unpressured finder of facts, be it Judge or jury. In this respect, I have no doubt that the City Court Judges of the City of Long Beach would be unbiased and unprejudiced and would resist as much as humanly possible all pressures alleged by defendant in his moving affidavit. I am sure that each would dispense justice to the best of his ability and solely upon the evidence adduced before him and on the law.
But just as important as the considerations just stated are the following: there must be an appearance that justice is being properly dispensed; both defendant and the public must feel that defendant is getting a fair, unbiased, unprejudiced trial; and it is to the interest of the People of the State that no defendant be improperly convicted or acquitted because a Judge or jury unintentionally bends backward against one or the other.
These considerations have motivated orders for changes of ■courts or counties as places of trial in prosecutions for crime. The same principles should apply even when the offense is labelled a 1 ‘ violation. ’ ’ A conviction for a violation may still result in a jail sentence and fine and is still a blot on a person’s record and standing in the community.
In the interest of both defendant and the People of the State, the motion to transfer this case from the Long Beach City Court to the Nassau County District Court is granted.