Richard J. Shay, J.
This is an ex parte application by the People for an order transferring the above-captioned matter, now pending in the City Court of the City of Cortland, to the Town Court of the Town of Cortlandville. The necessity cited for such transfer is the disqualification of the Cortland City Court Judge from further consideration of this case. The City of Cortland does not have, at this time, an Acting or Special Judge. The authority cited is section 170.15 of the Criminal Procedure Law.
I will sign the order of transfer, but feel that my reasoning for so doing should be detailed because of the absence of specific authority in the cited statute for a transfer from a city to a town court.
The obvious intent of revamping and redefining the lower or local criminal court system was to avoid the illogical and confusing distinctions between “magistrate courts ” and “ courts of special sessions ” as contained in the old Code of Criminal Procedure. (See Practice Commentary, McKinney’s Cons. Laws of N. Y., Book 11 A, 10.10, p. 34.) In most instances, the effort would seem successful, but here we find a problem.
Section 170.15 recognizes that there may be situations which make it impossible for a nonfelony case to reach a disposition in the particular local criminal court which has geographical jurisdiction, Unfortunately the solution to this dilemma is only provided for the Town and Justice Courts. The same anomaly exists with respect to the issuance of a warrant in nonfelony cases (CPL 120.30,100.55).
It is my feeling that these discrepancies are mere oversights which will be corrected as the Legislature becomes aware of the problem. A transfer from a City Court in which a disposition was impossible to a town or a village court was clearly authorized under the Code of Criminal Procedure. (See Code Crim. Pro., § 702-a, subd. 2; People v. Esposito, 23 Misc 2d 614.) There seems no valid reason now for excluding the possibility of a city to town or village transfer, even in the absence of specific statutory authority. Failure to sign the proposed order would leave this case in limbo and would deprive this defendant of his right to have the matter disposed of within a reasonable time.