Raymond B. Aldrich, Jr., J.
The defendants Ruñar Berg and Ronald Berg move to change the venue and place of trial of their proceedings involving misdemeanor and violation complaint from the Town Justice Court of the Town of Poughkeepsie to the Town of Wappinger Justice Court upon the grounds that their personal attorney is a Town Justice of the Town of Hyde Park, and recite that such action is required pursuant to the rules of the Administrative Justice of the Ninth Judicial District, since their attorney is not allowed to practice law before a Town Justice where the Judge presiding is also a practicing lawyer.
The moving affidavit alleges that both Town Justices of the Town of Poughkeepsie are practicing lawyers, as are the Town Justices in all of the adjoining or abutting towns except the Town of Wappinger where a lay Judge, not an attorney, presides, and further that the defendants’ attorney has been representing them for the past year and one half and thus they would be deprived of their personal attorney’s services if the proceedings were not transferred due to the disability of their personal attorney to appear in a Town Justice Court which is presided over by a Judge who is permitted to practice law.
The application to remove these proceedings from the Town Justice Court of the Town of Poughkeepsie to another local criminal court for the grounds stated is opposed by the District Attorney who alleges that the only valid grounds for removal of an action from one local criminal court to another can be found in CPL 170.15 (subd. 3); otherwise the proceedings must be retained in the local criminal court of the Town of Poughkeepsie. Additionally, two of the complainants joined in opposition to the motion stressing that the disqualification which *432 provides the basis for the application is that of the attorney representing the defendants and not of the Judge presiding.
The prohibition against an attorney who is a Town Justice from practicing before another lawyer who is the Trial Judge is found in a pronouncement of the Administrative Board of the Judicial Conference, effective April 19, 1973, in Buie No. 20.18 (22 NYCBB 20.18) captioned “Part-time judges, practice of law ”, the pertinent portions of which are as follows: “ (a) A judge who is permitted to practice law shall, nevertheless, not practice law in the court in which he is a judge, whether elected or appointed, nor shall he practice law in any other court in the county in which his court is located which is presided over by a judge who is permitted to practice law.” This prohibition, involving both criminal and civil proceedings, is against the individual Town Justice who wishes to practice law in another justice court where the Trial Justice is also an attorney, and is designed to prevent a possible abuse of the judicial process in those instances where two attorneys — one the Judge and the other an advocate pleading for a defendant — are both in the same forum, but for different reasons and purposes, under such circumstances that they might be influenced by other legal matters in which they may be or might become involved on behalf of other clients to the detriment of a complainant who makes a criminal accusation. The provision is a valid and reasonable one made in the interest of preserving the integrity of the members of the local criminal court judiciary so that their actions may be above reproach and free of even the slightest suspicion of improper conduct.
A change of venue and place of trial because of the disability of the defendants’ attorney to practice in the Town of Poughkeepsie Justice Court is not adequate grounds to grant the motion.
As has been suggested, the statutory authority for the removal of a,n action from one local criminal court to another is found in CPL 170.15 (subd. 3) which provides that a transfer may be obtained if disposition of the criminal action within a reasonable time is unlikely owing to:
“(a) Death, disability or other incapacity or disqualification of all of the judges of such court; or
“ (b) Inability of such court to form a jury in a case, in which the defendant is entitled to and has requested a jury trial.”
None of the aforesaid statutory grounds are raised by the defendants, and no claim is made to the disqualification of all of the Judges of the Town of Poughkeepsie Justice Court who *433 are attorneys duly elected by their constituents to perform judicial functions on their behalf, the only claim being the personal disqualification of the defendants’ attorney. The court from which removal is sought is the normal local criminal court having geographical and trial jurisdiction of the offenses. A transfer of venue for the reasons suggested would deprive the complainants of having their charges resolved in their own Town Justice Court before Judges elected by them, and would impose the burden upon them of traveling to another geographical jurisdiction which would be a hardship and could impede the administration of justice. Additionally, this court is without statutory authority to impose these cases and the expense of trial, and more importantly the expenditure of judicial time, upon the Town Justice of the Town of Wappinger Justice Court whose calendar is undoubtedly overcrowded as is the case in most every Justice Court.
For the foregoing reasons, the motion is denied.