Ernest L. Signorelli, J.
Defendant makes this application to the court, pursuant to CPL 170.15, for an order transferring this case from the Justice Court, Town of Shelter Island, to the Justice Court, Town of Southhampton, upon the ground that the Justices of the Peace of the Town of Shelter Island are biased and defendant could not obtain a fair trial in the Justice Court of the Town of Shelter Island.
Defendant is charged with excavating on wetlands in the Town of Shelter Island without first obtaining a permit from the Shelter Island Town Board in violation of article 2, section 20 of the wetlands ordinance of the Town of Shelter Island. This violation is punishable by a fine of up to $500.
The defendant, a substantial owner of real estate on Shelter Island, has been attempting over the past several years to subdivide and develop a portion of Shelter Island known as Hay Beach. This had led to numerous disputes between the defendant and the Town Board of Shelter Island resulting in substantial litigation. See Kessler v. Town of Shelter Is. Planning Bd. No. 1, No. 202802 (Sup. Ct., Suffolk County. 1971); Kessler v. Town of Shelter Is. Planning Bd No. 2, No. 202802 (Sup. Ct., Suffolk County, 1971); Town of Shelter Is. v. Kessler, No. 71-13194 (Sup. Ct., Suffolk County, 1972).
In attempting to settle these disputes, there have been substantial negotiations between the defendant and the members of the Town Board resulting in the defendant agreeing that certain covenants and restrictions be placed upon that portion of Hay Beach designated as section 10. This section includes the land which is the subject of the complaint in this matter. In order to secure compliance with certain covenants and restrictions on section 10, the Town Board has required the defendant to post a bond in the amount of $20,000 which is forfeitable to the Town ■of .Shelter Island upon noncompliance with certain conditions.
The defendant maintains that in view of this history of bad relations between the Town Board and the defendant, it would not be proper for a Justice of the Peace of the Town of Shelter Island to decide defendant’s guilt or innocence.
Shelter Island is' a second-class town under section 10 of the . Town Law and as such, Justices of the Peace of the Town of Shelter Island are authorized to sit on the Town Board and the two Justices are, in fact, members of the Town Board. (Town Law, § 60.) A Justice of the Peace who is also a member of a *642 Town Board exercises judicial, legislative and executive powers. (Town Law, §§ 64, 130.) This appears to be contrary to our revered American concept of separation of powers and checks and balances upon those powers. Our constitutional fathers recognized that an individual’s rights would best be protected by a system providing for separation of powers with checks and balances upon those powers and therefore a commingling of functions was not desirable. It was the considered judgment of the founding fathers that our government should consist of three separate and distinct branches, namely, the executive, legislative and judicial branches, and that further each branch be precluded from usurping the functions and powers of the others.
In People ex rel. Burby v. Howland (155 N. Y. 270, 282), the court cogently stated as follows: “ The object of a written constitution is to regulate, define and limit the powers of government by assigning to the executive, legislative and judicial branches distinct and independent powers. The safety of free government rests upon the independence of each branch and the even balance of power between the three. Unite any two of them and they will absorb the third with absolute power as a result.. Weaken any one of them by making it unduly dependent upon another and a tendéncy toward the same evil follows. It is not merely for convenience in the transaction of business that they are kept separate by the constitution, but for the preservation of liberty itself, which is ended by the union of the three functions in one man, or in one body of men. It is a fundamental principle of the organic law that each department should be free from interference, in the discharge of its peculiar duties, by either of the others.”
Furthermore, it is axiomatic that every accused is entitled to a trial by an impartial and unbiased tribunal, whether it be by a court and juiy or the court alone. This constitutional requirement of due process of law is violated when a Justice of the Peace who is also a member of the Town Board is called upon to decide the guilt or innocence of an accused who is charged with violating an ordinance of the very same Town Board of which he .sits as a legislator.
Additionally, ‘ ‘ In the administration of justice it is not only requisite that a judge should be honest, unbiased, impartial, and disinterested in fact, but equally essential that all doubt or suspicion to the contrary should be jealously guarded against and eliminated. Not only is it the duty of a judge to render a righteous judgment, but it is of transcendent importance to the litigants and the public generally that there should not be the *643 slightest suspicion as to his fairness- and integrity. Caesar demanded that his wife should not only be virtuous but beyond suspicion. The people should not exact less from the judiciary, the most powerful branch of our government.” (People ex rel. Union Bag & Paper Corp. v. Gilbert, 143 Misc. 287, 288-289, affd. 236 App. Div. 873.)
In my judgment therefore, it would be improvident for the Justices of the Peace of the- Town of Shelter Island to preside in this criminal case, especially in view of the fact that the Town Board has been actively and directly participating in an ongoing legal controversy with this defendant. (Ward v. Village of Monroeville, 409 U. S. 57; People v. Graydon, 59 Misc 2d 330; People v. Kohl, 17 Misc 2d 320.) In so ruling, I wish to make it crystal clear that it is not my desire to cast any aspersions on the character and integrity of the Justices of the Peace of the Town of Shelter Island. My ruling is designed to extricate them from the unenviable position of serving two masters at the same time. A Judge has one obligation and that is to serve the cause of justice uninfluenced by any other considerations.
The case at bar illustrates how unwise it is for the statute to permit a Judge to exercise executive, judicial and legislative powers at the same time. For all of the foregoing reasons, I recommend that the Legislature reconsider sections 60 and 60-A of the Town Law.
Accordingly, in the interests of justice, defendant’s application to transfer this case from the Justice Court of the Town of Shelter Island is granted. This case is hereby ordered transferred to the Justice Court, Town of Southampton, to be tried by one of the Justices of the Peace présiding therein.