OPINION OF THE COURT
Bruce G. Dean, J.
By notice of motion, returnable before this court, defendant has moved for an order, pursuant to CPL 170.15 removing this action from Town Court, Town of Dryden. The ground alleged is the allegation that defendant cannot obtain a fair and impartial trial in the Town of Dryden.
In the alternative, defendant moves for an order, pursuant to CPL 170.25, that the charge be prosecuted by indictment. The court denies the application to proceed by indictment. Such determination was made by the undersigned in open court on the return day of the motion on January 16, 1978. The court at that time left open the issue of transfer of the trial of the action from the Dryden Town Court to another designated local criminal court of the county.
The accusatory instrument and supporting deposition accuse defendant of the offense of "obstructing governmental administration”, in violation of section 195.05 of the Penal Law, a class A misdemeanor. Specifically, defendant is charged with refusing to obey an alleged lawful order of The Honorable David F. Lee, Jr., Justice of the Supreme Court, which granted a temporary injunction and which enjoined and restrained the Lynel Land Developers, Inc., its agents, officers, employees and representatives, from engaging in the operation of the "Adult Book and Trading Post”, in the Town of Dryden.
Defendant Leo Roberts, an employee and clerk in the store, known as the "Adult Book and Trading Post”, is charged with refusal to obey said order in that he refused to leave the premises of the store although personally served with a copy of the said order of Mr. Justice Lee, with notice of entry.
It is alleged, in support of the motion of defendant, that said temporary order relates to the proceeding in the Supreme *43 Court, Tompkins County, entitled Town Bd. of Dryden v Lynel Land Developers (Index No. 77-377). In support of his claim that he cannot get a fair trial in the Town of Dryden, defendant alleges that the issue in the proceeding involving his employer, relates to a proceeding whereby the Town of Dryden is seeking a mandatory injunction against the continuing operation of the "Adult Book” store; that there has been wide publicity and attention within the community of Dryden; that a jury trial of the pending action in Town Court would necessarily involve a panel of jurors of the Town of Dryden residents; that the alleged pornographic materials are generally opposed by the town residents and the members of the jury panel would be prejudiced against defendant as an employee of the Lynel Land Developers, Inc.
It does not appear, basically, that CPL 170.15 contains a specific provision to authorize action by the court in the transfer of the proceeding from the Dryden Town Court— unless it be considered that the Dryden court is unable to form a jury for trial of the charge against defendant as provided in CPL 170.15 (subd 3, par [b]). Defendant refers to the possible prejudice of the citizens of the Town of Dryden by reason of the allegedly pornographic materials in the community, and the wide publicity involved in the zoning proceeding of Town Bd. of Dryden v Lynel Land Developers (supra). Under challenges for cause, the court may be unable to form a jury, if, as defendant indirectly contends by reference to his limited peremptory challenges, prejudice exists, express or concealed.
The court has examined decisions under CPL 170.15. People v Capuano (68 Misc 2d 481) involved a traffic proceeding and a motion for removal of trial from one Town Court to another, asserting defendant could not receive a fair and impartial trial. The County Judge denied the motion on the ground that defendant had not first requested that the Town Court Justices disqualify themselves. There defendant was not entitled to a jury trial. The court referred to the intensity of feeling in the town arising out of a landfill issue. The traffic charges against defendant had arisen out of an incident while defendant was driving his truck in the course of his employment as a refuse driver, to and from the landfill site. Although not entitled to a jury trial, the court referred to the intensity of the feelings of the town against the landfill and stated (People v Capuano, 68 Misc 2d 481, 482, supra): "It would be difficult if *44 not impossible for him to obtain impartial objective jurors in a jury trial even if he were entitled to one.”
The court in People v Capuano (supra) referred to CPL 230.20 (subd 2) which provides for a change of venue from the superior court of one county to the superior court of another if there is "reasonable cause to believe that a fair and impartial trial cannot be had in such county”. The court there pointed out that there was not such provision for change in CPL 170.15 (subd 3) and that the Legislature may have made an intentional omission because of a biased Judge disqualifying himself in Town Court, which disqualification would not apply to a jury trial in local criminal court. However, the court in People v Capuano (supra, p 484) concluded, "Notwithstanding this, there is no way provided in the CPL to transfer a jury trial from one local criminal court to another because of local bias”.
In People v Berg (76 Misc 2d 430) the court also held that the statutory authority for the removal of an action from one criminal court to another is found in CPL 170.15 (subd 3). However, in Matter of Jones (Wilson) (69 Misc 2d 640) a transfer from City Court to Town Court was ordered although such procedure was not specifically authorized in CPL 170.15.
In People v Kessler (77 Misc 2d 640, 642) on the issue of transfer for trial, where only Town Justices were involved on the issue of prejudice, the court said: "Furthermore, it is axiomatic that every accused is entitled to a trial by an impartial and unbiased tribunal, whether it be by a court and jury or the court alone.”
The court in People v Kessler (supra) pointed out that to hold otherwise would be a denial of due process; and that in the adminstration of justice it is requisite that a Judge be honest, unbiased, impartial and disinterested in fact; that litigants and the public generally should not have the slightest suspicion as to the fairness and integrity of the court. The same principle applies to the entire judicial process whether court or court and a jury.
The Legislature has authorized the removal of action from one criminal court to another, under CPL 170.15 (see NY Const, art VI, § 19, subd i).
In People v Goldswer (39 NY2d 656) the court considers the constitutionality of CPL 230.20 (subd 2) where venue under an indictment was transferred for trial from Schoharie County to Warren County. The court discussed the right to jury trial at *45 common law to the drafting of the Bill of Rights, and that the Sixth Amendment to the Constitution guarantees an impartial jury of the State and district where the crime was committed. While the guarantee of an impartial jury may or may not be considered as authority for removal of action under CPL 170.15 (subd 3), by reason of the inability of the court to form a jury (an impartial jury), where the defendant is entitled to and has requested a jury trial, the right of a defendant to an impartial jury trial is constitutionally guaranteed.
In Groppi v Wisconsin (400 US 505) it was held that a State statute that categorically prevents a change of venue for a jury trial, regardless of the extent of local prejudice against the defendant, on the sole ground that the charge against him is labeled a misdemeanor, is unconstitutional. The court pointed out that the issue is not whether the Fourteenth Amendment requires the State to accord a jury trial to a defendant on a misdemeanor charge, but concerns rather the nature of the jury trial which the Fourteenth Amendment commands when trial by jury is what the State has purported to accord. That failure to accord an accused a hearing by a panel of impartial, indifferent jurors violates even the minimal standards of due process. The Supreme Court cited earlier cases involving issue of impartial juries. (Irvin v Dowd, 366 US 717; Sheppard v Maxwell, 384 US 333; Rideau v Louisiana, 373 US 723.)
It is a fundamental rule of statutory construction that a statute should be construed, if possible, to uphold its constitutionality (McKinney’s Cons Laws of NY, Book 1, Statutes, § 150, subd c). A construction of CPL 170.15 (subd 3) to the effect that inability of the court to form a jury where defendant requests and is entitled to a jury trial, includes the constitutional right of defendant to a panel of impartial jurors; jurors not subject to local prejudice; a jury which would accord a defendant a fair and impartial trial. Such a construction would meet the issue stated in Groppi v Wisconsin (400 US 505, supra) and support the constitutionality of the section. (See 3 Zett, NY Crim Prac, § 18.7.)
In a concurring opinion in Groppi v Wisconsin (supra, p 513) Justice Blackmun stated: "I am at a loss to understand how a change a venue statute expressed in positive but permissive terms and specifically applicable to felony cases can be construed to embody a negative provision for misdemeanor cases, particularly with regard to so fundamental a right as the *46 right to have a trial untainted by community prejudice”. Possible CPL 170.15 and 230.20 should obtain similar statutory interpretation in the further avoidance of constitutional issues on due process.
The court finds sufficient and proper basis for removal of the proceeding from the Town Court of Dryden (People v Dormann, 180 Misc 160; People v Lewis, 37 AD2d 761; CPL 170.15, subd 3).
Accordingly, defendant’s motion to transfer this case from the Town Court of Dryden is granted. The case is hereby ordered transferred to the Town Court, Town of Ithaca, to be tried by a Town Justice of said Town Court.