OPINION OF THE COURT
William A. Kelly, J.
The defendants have moved for an order removing the above-captioned matters from the Justice Court for the Village of New Square to another Justice Court within the county. These matters proceeded to trial originally in the Village of New Square and both defendants were convicted in *796 a nonjury trial. Those convictions were reversed by order of the Appellate Term dated December 7, 1987, and the matters were remanded for a new trial. The Appellate Term found that the trial court erroneously placed the burden of proving a justification defense upon the defendants. Defense counsel has alleged that issues of bias and religious prejudice were improperly interjected into the first trial and defendants seek removal of the actions to another court to avoid a recurrence of such issues. The People have opposed the defendants’ application.
CPL 170.15 (3) (a) permits the removal of an action to another local criminal court upon the "[d]eath, disability or other incapacity or disqualification of all the judges of such court”. It does not appear that the New Square Judge is statutorily disqualified from presiding over this matter. However, it has been previously observed that the impartiality and appearance of impartiality of the judiciary are vital concerns in the administration of justice. (People v Schlesinger, Westchester County Ct, May 20, 1982.) " '[I]t is not only requisite that a judge should be honest, unbiased, impartial, and disinterested in fact, but equally essential that all doubt or suspicion to the contrary should be jealously guarded against and eliminated.’ ” (People v Kessler, 77 Misc 2d 640, 642 [Suffolk County Ct 1974].) The Court of Appeals, in People v Moreno (70 NY2d 403 [1987]), has noted that in some situations it may be the better practice for a court to disqualify itself in an effort to maintain the appearance of impartiality.
While there is no indication that the presiding Trial Judge was influenced by any factors other than the evidence at trial, the highly charged community atmosphere, considered in conjunction with the Appellate Term reversal of the nonjury trial convictions, makes it unlikely that the current presiding Judge could hear these matters without the suspicion by some that he was not impartial. It is in the interest of justice as well as in the interest of the New Square Judge that this potential appearance of impropriety be avoided.
Accordingly, the above-captioned matters are directed to be transferred from the Village of New Square Justice Court to the Town of Orangetown Justice Court.