OPINION OF THE COURT
Stanley A. Smolkin, J.
*1081 The defendant Douglas A. Rome and a codefendant were each charged with one count of assault in the third degree, a violation of section 120.00 (1) of the Penal Law. The prosecution alleges that on September 13, 2008, the defendants, two New York City police officers, assaulted the complainant, a City of Long Beach firefighter. The People of the State of New York are represented by Assistant District Attorney Daniel Grusenmeyer, of counsel to the Honorable Kathleen Rice, District Attorney for the County of Nassau, State of New York. The defendant Rome is represented by Anthony M. Grandinette, Esq.
By notice filed on April 3, 2009, the defendant timely moved for an order, in effect, directing that the instant matter be removed from the Long Beach City Court to the Nassau County District Court. The codefendant joined in the instant application. On May 8, 2009, the People submitted an affirmation in opposition to the motion. A separate decision will be issued for each defendant.
I. Grounds for Removal
In support of his argument as to the grounds for removal, the defendant cites certain newspaper articles in which Long Beach City Manager Charles Theofan, described by the defendant as “an influential figure in the Long Beach community,” made inculpatory remarks regarding the defendants and their role in the alleged incident. The defendant contends that Mr. Theofan’s statements are “of such character as to excite local popular passion and prejudice so that defendants will not be able to have the fair trial to which they are entitled.” The defendant further notes that the City of Long Beach is a very localized community in which it can be expected that potential jurors would be well aware of prejudicial facts regarding the instant matter which could impact the defendant’s ability to receive a fair trial.
This court recognizes that the City of Long Beach is a small and tight-knit community. The Long Beach Fire Department consists of both paid and volunteer firefighters. The Long Beach Fire Department members are friends, neighbors and relatives of the citizens of the Long Beach community, whose residents would comprise the jury in a trial of the instant matter. The court is familiar with the newspaper articles submitted by the defendant in support of his motion and by the prosecution in its opposition to the motion, as well as additional articles published in the Long Beach Herald regarding the circumstances of this locally high profile matter which has attracted persistent media attention. In many of these articles, Mr. Theofan is attributed *1082 with numerous statements in which he, in effect, assigns guilt to the defendants and states as fact certain of the prosecution’s allegations in the instant matter. The court acknowledges that the great deal of local publicity concerning this emotionally charged event, as well as comments of influential figures within the community, could “excite local popular passion and prejudice” (People v DiPiazza, 24 NY2d 342, 347 [1969]), affect the impartiality of the jurors in a trial of this matter, and ultimately impact their deliberations.
This court is also cognizant of the factors generally to be considered when determining whether transfer of a matter is appropriate. As stated by the Nassau County Supreme Court upon granting the transfer of a case involving a charge of disorderly conduct from the Long Beach City Court to the Nassau County District Court,
‘ ‘there must be an appearance that justice is being properly dispensed; both defendant and the public must feel that defendant is getting a fair, unbiased, unprejudiced trial; and it is to the interest of the People of the State that no defendant be improperly convicted or acquitted because a Judge or jury unintentionally bends backward against one or the other” (People v Graydon, 59 Misc 2d 330, 331 [Sup Ct, Nassau County 1969]).
In light of the above, although the court would be inclined to deem the instant matter appropriate for removal from this court to the Nassau County District Court, for the reasons stated below the court is, nevertheless, without the authority to effectuate such a transfer.
II. “Change in Venue” as opposed to “Removal”
Before addressing the issue of the court’s lack of authority to grant the relief that the defendant seeks, it should initially be noted that although the defendant denominates his motion as one for a change in venue, the reference to a change in venue is technically incorrect. A change in venue may be accomplished only as between different branches of the same court (see Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, NY City Civ Ct Act § 306, at 111 [“a change of venue is a device that applies only in a court having two or more geographical divisions. Thus, a change of venue in a supreme court action under Article 5 of the CPLR contemplates changing the place of trial from one county to another. But all the while the case is and remains a supreme court case. All that happens on a change *1083 of venue is that the locale of the action is changed from the county in which it was commenced to another county”]). Rather, the correct name for the procedure that the defendants seek in the instant matter of transferring the matter from the Long Beach City Court to the Nassau County District Court is removal (see id. at 113 [“Removal is involved whenever a case must be changed from one court to a different court, while a change of venue entails only a switch from one geographical segment of a single court to another segment of the same court”]). In addition, it is noted that the pertinent statutory language generically refers to the process of removal as a “transfer.”
In seeking his relief, the defendant notably fails to cite any authority, statutory or otherwise, which would permit this court to remove this matter to the Nassau County District Court. Therefore, a review of the relevant statutory authority regarding the removal procedure is necessary.
III. Authority for Removal
The authority for removal of an action from the Long Beach City Court to the Nassau County District Court primarily stems from two sources: Constitution of the State of New York, article VI, § 19 and Criminal Procedure Law § 170.15 (3).
A. New York State Constitution
1. Unrestricted Discretionary Authority of Supreme Court and County Court to Transfer Proceedings to a Court of Concurrent Jurisdiction
Article VI, § 19 (a) of the New York State Constitution authorizes a supreme court to transfer any proceeding (other than those over which it has exclusive jurisdiction which does not depend upon the monetary amount sought) “to any other court having jurisdiction of the subject matter within the judicial department provided that such other court has jurisdiction over the classes of persons named as parties.”
Article VI, § 19 (b) of the New York State Constitution authorizes a county court to transfer any proceeding (except a criminal proceeding involving a felony prosecuted by indictment or an action or proceeding required to be dealt with in the surrogate’s court or family court) “to any court, other than the supreme court, having jurisdiction of the subject matter within the county provided that such other court has jurisdiction over the classes of persons named as parties.”
Thus, the New York State Constitution grants the Nassau County Supreme Court and the Nassau County Court the *1084 discretionary authority to transfer actions from the Long Beach City Court to the Nassau County District Court, which are courts of concurrent jurisdiction. There appear to be no restrictions on the discretionary authority of the Nassau County Supreme Court and the Nassau County Court to effectuate such a transfer between courts of concurrent jurisdiction under these provisions of the New York State Constitution.
In other words, if an action properly brought in the Long Beach City Court could alternatively have been properly brought in the Nassau County District Court, both the Nassau County Supreme Court and the Nassau County Court have the unrestricted discretionary authority (pursuant to subdivisions [a] and [b], respectively) to remove the action from the Long Beach City Court to the Nassau County District Court. It is noted that when exercising this discretionary power to remove an action from either Glen Cove City Court or Long Beach City Court to the Nassau County District Court, the Supreme Court has typically enunciated its reasons for removal (see e.g. Matter of People v Barr, 64 Misc 2d 94, 95 [Sup Ct, Nassau County 1970] [Supreme Court granted defendant’s application to transfer case from Glen Cove City Court to Nassau County District Court and noted that there was “(1) a great deal of local publicity concerning this emotionally and racially charged novel issue in this municipality of 25,000 people, (2) lack of adequate facilities to segregate jurors, witnesses, litigants and general public in the City Courthouse, (3) jurors in the City Court are all drawn from within the city and (4) that incidents have occurred which show how jurors might be affected”], citing People v Graydon, 59 Misc 2d at 331 [after noting that District Court and Long Beach City Court have concurrent jurisdiction with respect to this specific matter, Supreme Court granted the defendant’s motion to transfer case from Long Beach City Court to Nassau County District Court, stating that “there must be an appearance that justice is being properly dispensed; both defendant and the public must feel that defendant is getting a fair, unbiased, unprejudiced trial; and it is to the interest of the People of the State that no defendant be improperly convicted or acquitted because a Judge or jury unintentionally bends backward against one or the other”]).
2. Restricted Authority of Supreme Court and County Court to Transfer Proceedings to County Court
Article VI, § 19 (c) of the New York State Constitution provides that a supreme court or county court may transfer to *1085 the county court “any action or proceeding originated or pending in the district court or a town, village or city court outside the city of New York upon a finding that such a transfer will promote the administration of justice” (emphasis supplied) and as provided by law. Thus, this provision imposes some restrictions upon the removal, but permits removal specifically and only to a county court, irrespective of jurisdiction. The determination of whether a transfer would “promote the administration of justice” remains within the discretion of the supreme court or county court in which the motion for removal is brought.
B. Criminal Procedure Law § 170.15 (3): Statutory Authority of County Court to Transfer Proceedings
CPL 170.15 (3) provides that at any time within the 45-day period permitted in which to file an omnibus motion (see CPL 255.20), where a defendant is arraigned upon an information, a simplified information, a prosecutor’s information or a misdemeanor complaint pending in a city court, a judge of the county court of the county in which such city court is located may, upon motion of one of the parties, order that the action be transferred to another local criminal court of the county,
“upon the ground that disposition thereof within a reasonable time in the court from which removal is sought is unlikely owing to:
“(a) Death, disability, or other incapacity or disqualification of all of the judges of the court; or
“(b) Inability of such court to form a jury in a case, in which the defendant is entitled to and has requested a jury trial.”
People v Kessler (77 Misc 2d 640 [Suffolk County Ct 1974]) serves as an example of the usage of this statute by the county court to transfer a criminal action from one town justice court to another town justice court. In that case, the Suffolk County Court granted a motion to transfer a criminal proceeding from the Town of Shelter Island Justice Court to the Town of Southampton Justice Court. In so doing, the County Court noted the history of bad relations between the defendant and the Town Board of Shelter Island, and that the two Justices of the Shelter Island Justice Court were members of the Shelter Island Town Board (see also People v Roberts, 95 Misc 2d 41 [Tompkins County Ct 1978]).
*1086 IV Lack of Authority for City Court to Transfer Proceedings Commenced in City Court to Another Court
New York State Constitution, article VI, § 19 (i) provides:
“As may be provided by law, the district court or a town, village or city court outside the city of New York may transfer any action or proceeding, other than one which has previously been transferred to it, to any court, other than the county court or the surrogate’s court or the family court or the supreme court, having jurisdiction of the subject matter in the same or an adjoining county provided that such other court has jurisdiction over the classes of persons named as parties” (emphasis supplied).
A review of the pertinent case law does not reveal any examples of a district court or a town, village or city court attempting to transfer a matter pursuant to subdivision (i). However, some courts have had the opportunity to interpret the “[a]s may be provided by law” clause with respect to New York State Constitution, article VI, § 19 (a), which provides that “[a]s may be provided by law,” the supreme court may transfer to itself any action or proceeding originated or pending in another court within the judicial department other than the court of claims upon a finding that such a transfer will promote the administration of justice.
For example, the Supreme Court, Rensselaer County, determined that the power of removal set forth in subdivision (a) is self-executing, without the need for further legislative authority (see People v Levandowski, 190 Misc 2d 738 [Sup Ct, Rensselaer County 2002]). There, the court relied upon the general rule that “[i]n New York, constitutional provisions are presumptively self-executing” (Brown v State of New York, 89 NY2d 172, 186 [1996], citing People v Carroll, 3 NY2d 686, 691 [1958]). The Levandowski court compared the language “in the manner to be prescribed by law,” “as shall be provided by law,” and “as provided by law,” all also used in the New York State Constitution, and concluded that the language “as may be provided by law” merely authorizes the legislature to adopt legislation in the pertinent area if it so chooses. The Supreme Court, Suffolk County, in denying a motion to dismiss for lack of jurisdiction on the ground that the court improperly transferred to its Integrated Domestic Violence Part a case that had been pending in the Suffolk County District Court, used similar logic (see People v Turza, 193 Misc 2d 432 [Sup Ct, Suffolk County 2002]).
However, this court respectfully disagrees with the logic set forth in those cases. While the general proposition that *1087 constitutional provisions are presumptively self-executing cannot be disputed, this court finds that this presumption does not exist with respect to New York State Constitution, article VI, § 19 (i). Indeed, the clause “[a]s may be provided by law” imposes a restriction on the authority of the courts to act. It is noted that in both Levandowski and Turza, the transfers were effectuated pursuant to rules and regulations of the Chief Administrative Judge, obviating a need for an analysis of whether the “as may be provided by law” clause restricted the court’s authority and rendering any such analysis in those cases to be mere dicta. Further, and in any event, the Appellate Division, Second Department, appears to disagree with those courts’ analyses. In Matter of Dalliessi v Marbach (56 AD2d 858 [2d Dept 1977]), the court granted a CPLR article 78 petition which sought to prohibit a supreme court justice from taking any further action with respect to a case brought in the county court. In so doing, the court held, in pertinent part:
“The State Constitution (art VI, § 19, subd [a]) provides, in relevant part, that ‘the supreme court may transfer to itself any action or proceeding originated or pending in another court within the judicial department . . . upon a finding that such a transfer will promote the administration of justice.’ However, this power is limited by an introductory clause, ‘as may be provided by law’. CPLR 325 sets forth the grounds for removal of cases by the Supreme Court from courts of limited jurisdiction and CPLR 326 establishes the ‘procedure on removal’. CPLR 325 does not authorize a transfer on the grounds set forth by the court herein. Under CPLR 326 (subd [b]), an order of removal is required. No such order appears among the papers in support of this motion. Under the facts herein, the application should be granted” (id.).
The same logic applies to subdivision (i). Since the authority referenced in that subdivision is limited by the clause “[a]s may be provided by law,” such provision is not self-executing, and therefore, without an administrative order or legislation setting forth such authority, subdivision (i), standing alone, does not provide the grounds for the authority for a district, city, town or village court to transfer cases.
V Conclusion
In sum, the Nassau County Supreme Court and the Nassau County Court have the unrestricted discretionary authority *1088 pursuant to New York State Constitution, article VI, § 19 (a) and (b), respectively, to remove cases from the Long Beach City Court to the Nassau County District Court, inasmuch as such courts have concurrent jurisdiction.
The Nassau County Supreme Court and the Nassau County Court have the authority, pursuant to New York State Constitution, article VI, § 19 (c), to transfer a Long Beach City Court case to the Nassau County Court upon a finding that such a transfer will promote the administration of justice.
The Nassau County Court has the authority, pursuant to CPL 170.15 (3), to remove a Long Beach City Court criminal case to another local criminal court within the county (Nassau County District Court, a town court, a village court, etc. [see CPL 10.10 (3)]) within the 45-day period permitted in which to file an omnibus motion,
“upon the ground that disposition thereof within a reasonable time in the court from which removal is sought is unlikely owing to:
“(a) Death, disability, or other incapacity or disqualification of all of the judges of the court; or
“(b) Inability of such court to form a jury in a case, in which the defendant is entitled to and has requested a jury trial.”
As a result, it is clearly evident that the Long Beach City Court lacks the independent authority to transfer this case to the Nassau County District Court. Therefore, while this court may well deem this matter appropriate for removal to the Nassau County District Court for the substantive reasons advanced by the defendant and as stated by this court in this decision, this court is without the authority to effectuate such a transfer.
Accordingly, the defendant’s motion is denied, with leave to file an appropriate motion for removal of this matter to the Nassau County District Court in either the Nassau County Supreme Court or the Nassau County Court in accordance with this decision on or before July 2, 2009. In line with previous conferences between the court and the parties, the court will continue to stay the period of time within which the defendant must file any omnibus pretrial motions until the issue of where this matter will proceed is resolved. This stay is conditioned upon the defendant submitting proof to this court that he has in fact filed an appropriate motion for removal in an appropriate court as outlined above on or before July 2, 2009. If the defendant fails to timely submit such proof to this court, the de *1089 fendant will be required to file any omnibus motion in this court by July 17, 2009. If he fails do so, the defendant will be precluded from filing any omnibus motion. These directives are intended to satisfy the dual purposes of ensuring: (1) that this matter proceeds in a timely manner; and (2) that the court that conducts any pretrial hearings in this matter will also be the court that will ultimately try this matter.