■ In the Matter of WILLIAM E. RUSSELL et al., Petitioners, v PENELOPE D. CLUTE, as District Attorney of Clinton County, et al., Respondents. [636 NYS2d 427] —Crew III, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to, *inter alia*, prohibit respondents from disqualifying petitioner William E. Russell from representing petitioner Frank L. Lovely, Jr. and other criminal defendants in Clinton County.

Petitioner William E. Russell is an attorney with offices in

---

* While not an answer, defendant's letter should have been deemed a *pro se* appearance (*see, Meyer v A & B Am.*, 160 AD2d 688, 689).

the Village of Keesville, Essex County. In 1992, Russell hired Michael McCormick as an associate. Thereafter, McCormick's wife, Catherine Paul, was hired by the Clinton County District Attorney's Office as an Assistant District Attorney. In 1994, petitioner Frank L. Lovely, Jr. retained Russell to represent him in the Town of Plattsburgh Justice Court, in Clinton County, on charges of driving while ability impaired and speeding. Believing that the spousal relationship between McCormick and Paul created a conflict of interest, respondent District Attorney made a motion to disqualify Russell from representing Lovely or any other criminal defendant in the courts of Clinton County. Respondent Clinton County Judge granted the motion, and petitioners commenced this CPLR article 78 proceeding seeking, *inter alia*, to prohibit County Court from enforcing its order.

Petitioners urge that County Court acted without or in excess of its jurisdiction when it entertained and granted the motion to disqualify Russell. We agree. County Court is a court of limited jurisdiction and may act only as provided by the provisions of the NY Constitution or by act of the Legislature within the limitations of the Constitution (*see*, NY Const, art VI, § 11; *People ex rel. Dold v Martin*, 284 App Div 127, 130). Respondents urge that the Legislature granted County Court power to act in preliminary matters in a local criminal court matter, which is true (*see*, CPL 10.10 [3] [g]). However, in that regard the Legislature has limited such matters to conducting arraignments and issuing warrants of arrest and search warrants (*see*, CPL 10.20 [3] [a]-[c]). Inasmuch as County Court's action in the case at bar did not fall within any of the enumerated circumstances under which it could sit as a local criminal court, it was without jurisdiction to act as it did.

Cardona, P. J., Mikoll, Peters and Spain, JJ., concur. Adjudged that the petition is granted to the extent that respondent Clinton County Judge is prohibited from disqualifying petitioner William E. Russell from representing petitioner Frank L. Lovely, Jr.