OPINION OF THE COURT
H. Patrick Leis III, J.
The defendant, by interposing the within motion for an order dismissing criminal charges pending against him, challenges the authority of the Supreme Court sitting in Suffolk County’s newly established Integrated Domestic Violence Part (IDV *433 Part) to transfer to itself misdemeanor and violation cases pending in the Suffolk County District Court.
On May 12, 2002, the defendant Thomas Turza was charged with the offense of harassment in the second degree in violation of Penal Law § 240.26 (1). On May 13, 2002, the First District Court issued an order of protection directing the defendant to stay away from the complainant, Diana Turza, and refrain from harassing, intimidating or threatening her. Thereafter, a misdemeanor charge of criminal contempt in the second degree pursuant to Penal Law § 215.50 (3) was interposed against the defendant alleging a violation of the order of protection. On May 16, 2002, Thomas Turza commenced a matrimonial action against Diana Turza.
This court, having been assigned the related Supreme Court matrimonial action, determined that it would promote the administration of justice to transfer to the IDV Part the charges pending against the defendant in the District Court. By order dated June 20, 2002, the District Court matters were transferred to the IDV Part.
The defendant now moves for an order dismissing the District Court cases for lack of subject matter jurisdiction. The defendant asserts that Criminal Procedure Law §§ 10.20, 10.30 and 210.05 mandate dismissal of the cases transferred from the District Court. The defendant’s motion is determined as follows.
Discussion of the defendant’s contentions begins with an examination of the statutory jurisdiction of the criminal courts. Section 10.20 (1) of the Criminal Procedure Law grants the superior courts, Supreme Court and County Court, trial jurisdiction of all offenses:
“(a) Exclusive trial jurisdiction of felonies; and
“(b) Trial jurisdiction of misdemeanors concurrent with that of the local criminal courts; and
“(c) Trial jurisdiction of petty offenses, but only when such an offense is charged in an indictment which also charges a crime.”
In contrast, section 10.30 (1) of the Criminal Procedure Law limits the trial jurisdiction of local criminal courts to offenses other than felonies, specifically granting it:
“(a) Exclusive trial jurisdiction of petty offenses except for the superior court jurisdiction thereof prescribed in [CPL 10.20 (1) (c)]; and
*434 “(b) Trial jurisdiction of misdemeanors concurrent with that of the superior courts but subject to divestiture thereof by the latter in any particular case.”
Read together, CPL 10.20 (1) (c) and 10.30 (1) (a) give the local criminal courts exclusive trial jurisdiction over petty offenses unless they are charged in an indictment which also charges a crime. In addition, although CPL 10.20 (1) (b) appears to grant the superior courts unfettered trial jurisdiction over misdemeanors concurrent with that of the local criminal courts, CPL 210.05 provides that “[t]he only methods of prosecuting an offense in a superior court are by an indictment filed therewith by a grand jury or by a superior court information filed therewith by a district attorney.” Thus, the Criminal Procedure Law allows for the divestiture of the local criminal court’s jurisdiction in favor of a superior court only after indictment by a grand jury at the initiative of either the district attorney (see CPL 170.20) or, much less frequently, the defendant (see CPL 170.25). Accordingly, the apparent statutory power of a superior court to divest a local criminal court of its trial jurisdiction over misdemeanors (see CPL 10.30 [1] [b]) actually rests in the hands of the district attorney (see CPL 170.20). In effect, CPL 210.05 procedurally bars prosecutions in the superior courts by means of a local criminal court accusatory instrument.
“Superior court” is defined as the Supreme Court or a County Court (see CPL 10.10 [2]). The County Court is a court of limited jurisdiction and may act only as provided by the New York Constitution or by act of the Legislature within the limitations of the Constitution (see NY Const, art VI, § 11; Judiciary Law § 190; Matter of Russell v Clute, 222 AD2d 980 [3d Dept 1995]; People ex rel. Dold v Martin, 284 App Div 127 [4th Dept 1954]).
In contrast, article VI, § 7 of the New York Constitution accords the Supreme Court general original jurisdiction in law and equity (see Judiciary Law § 140-b). The Court of Appeals has consistently viewed the Supreme Court as “a court of original, unlimited and unqualified jurisdiction” (Kagen v Kagen, 21 NY2d 532, 537 [1968]). “That jurisdiction includes all cases of every description in law and equity, from the most important and complicated to the most simple and insignificant” (Nestor v McDowell, 81 NY2d 410, 415 [1993], quoting Maresca v Cuomo, 64 NY2d 242 [1984]; De Hart v Hatch, 3 Hun 375, 380), and includes any new classes of actions or proceedings that the Legislature may create (see NY Const, art VI, § 7 [b]; Kagen v *435 Kagen, 21 NY2d 532, supra). The Supreme Court “is competent to entertain all causes of action unless its jurisdiction has been specifically proscribed” (Thrasher v United States Liab. Ins. Co., 19 NY2d 159, 166 [1967]). In exercising its power to enact laws, the Legislature is precluded from eroding the power accorded to the Supreme Court by article VI of the New York Constitution (see Matter of Malloy, 278 NY 429 [1938]). Any attempt by the Legislature to abridge, limit or qualify the broad jurisdiction of the Supreme Court is unconstitutional and void (see Busch Jewelry Co. v. United Retail Empls. Union, 281 NY 150, 156 [1939]; Matter of Malloy, 278 NY 429, supra).
In conjunction with its unlimited jurisdiction, the Supreme Court is vested with the broad power to transfer cases to itself. Article VI, § 19 (a) of the New York Constitution provides in relevant part: “As may be provided by law, the supreme court may transfer to itself any action or proceeding originated or pending in another court within the judicial department other than the court of claims upon a finding that such a transfer will promote the administration of justice.” If the drafters of the Constitution had intended to authorize the Legislature to limit the broad and unqualified jurisdiction granted to the Supreme Court, they would have done so in unambiguous language as they did in prohibiting the transfer of cases from the Court of Claims.
Moreover, the well established rule in New York is that constitutional provisions are presumptively self-executing (see Brown v State of New York, 89 NY2d 172, 186 [1996]). The use of the phrase “as may be provided by law” is not restrictive and suggests that the Supreme Court possesses the self-executing authority to remove cases to itself (see People v Levandowski, 190 Misc 2d 738 [Sup Ct, Rensselaer County 2002]). This is in contrast to the Constitution’s use of the more restrictive phrase “in the manner to be prescribed by law” in connection with the waiver of trial by jury in civil actions (NY Const, art I, § 2) which suggests that implementing legislation would be required in that context (see People v Carroll, 3 NY2d 686 [1958]). Thus, it is concluded that the phrase “as may be provided by law” cannot be read as authorizing the Legislature to limit the jurisdiction accorded the Supreme Court by the Constitution.
Sections 10.20, 10.30 and 210.05 of the Criminal Procedure Law have the effect of limiting the Supreme Court’s ability to remove to itself and preside over cases proceeding on local criminal court accusatory instruments. In People v Trabazo *436 (180 Misc 2d 961 [Crim Ct, Queens County 1999]), it was held that these limitations on superior courts were sound procedural mechanisms. This court respectfully disagrees. To empower the Supreme Court to transfer to itself “any action or proceeding originated or pending in another court within the judicial department” (NY Const, art VI, § 19 [a]) and to suggest that it does not possess the inherent procedural authority to accomplish that mandate would contravene the mandate of the New York State Constitution. Indeed, if one were to interpret the Criminal Procedure Law as requiring an indictment as a condition precedent to the Supreme Court’s transfer to itself of a misdemeanor or petty offense, it would, in effect, divest the Supreme Court of jurisdiction over these matters and empower the local district attorney to determine which matters could be heard in the Supreme Court.
Moreover, it is noted that the Chief Administrative Judge of New York State, pursuant to the delegation of power authorized by article VI, § 30 of the NY Constitution and implemented in Judiciary Law § 212 (2) (d), regulates the practice and procedure of the courts. The Chief Administrative Judge is specifically authorized to create special categories of actions and proceedings (see Uniform Rules for Trial Cts [22 NYCRR] § 202.3 [c] [2]), and may authorize the transfer of any action or proceeding and any matter relating to an action or proceeding from one judge to another in accordance with the needs of the court (see Uniform Rules for Trial Cts [22 NYCRR] § 202.3 [c] [5]). The rules and regulations of the Chief Administrative Judge have the force and effect of law (see Judiciary Law § 212 [2] [d]).
Pursuant to this delegated authority, Chief Administrative Judge Jonathan Lippman established an Integrated Domestic Violence Part in Suffolk County with the specific authority to transfer cases pending in a local criminal court to itself (see Uniform Rules for Trial Cts [22 NYCRR] § 202.3 [c] [5]). Thus, the Chief Administrative Judge has established a procedure by which the Supreme Court in Suffolk County may transfer cases to itself as contemplated by article VI, § 19 (a) of the NY Constitution.
Suffolk County’s new IDV Part, the fourth to be established in New York State, is a response to the need for a single court to adjudicate all the matters which might bring a family into the court system when the underlying issue is domestic violence. A goal of the part is to promote informed decision-making as well as efficient case management. If the procedural *437 limitations set forth in CPL 10.20, 10.30 and 210.05 were read as precluding these IDV courts from transferring to themselves misdemeanors and petty offenses pending in the local criminal courts, the objectives of the IDV courts established in Suffolk, Westchester, Rensselaer and Bronx Counties would be frustrated.
Although, any provision of the Criminal Procedure Law which has the effect of limiting the Supreme Court’s broad jurisdiction is arguably unconstitutional, it is well settled that issues of constitutionality should not be reached unnecessarily (see Comiskey v Arlen, 43 NY2d 696 [1977]; Peters v New York City Hous. Auth., 307 NY 519 [1954]). Accordingly, given that the Chief Administrative Judge created the IDV Part under authority granted by the Legislature- and that the Supreme Court possesses the constitutional jurisdiction to accomplish the objectives of the IDV Part, it is concluded that the procedural provisions of the Criminal Procedure Law which limit a superior court’s trial jurisdiction over misdemeanors and petty offenses should not be read as applying to the IDV Part.
For the foregoing reasons, the motion to dismiss is denied.