OPINION OF THE COURT
Edward M. Davidowitz, J.
Defendant moves for an order dismissing a Criminal Court complaint filed against him in this court, pursuant to adminis *646 trative orders of the Chief Judge of the Court of Appeals, the Chief Administrative Judge, and the Administrative Judge of the Criminal Division of the Supreme Court, Bronx County, or, in the alternative, directing that the case be returned to the Criminal Court for the following reasons: the Supreme Court has no jurisdiction to prosecute his case according to CPL 210.05 and 10.20 (2) and the administrative transfer of all misdemeanor cases to the Bronx County Supreme Court violated his equal protection rights under the United States and New York Constitutions.
Defendant alleges that CPL 210.05 limits the jurisdiction of the Supreme Court to offenses charged in a grand jury indictment or superior court information, and those administrative orders violated this provision. He also argues that defendants in Bronx County with unindicted misdemeanor cases are being treated differently than similarly situated defendants in other counties of New York based on a geographical classification that has no rational basis.
The People reply that: article VI, § 7 of the New York State Constitution grants the Supreme Court unconditional jurisdiction over all causes of action; defendant’s allegation that he was denied equal protection of the law fails, since he did not demonstrate that he is a member of a special class, or that a fundamental right was infringed; and the foregoing administrative orders were lawful and proper.
Defendant was charged on October 16, 2004 with criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03) — a class A misdemeanor — and was arraigned upon a misdemeanor complaint in the Criminal Court, Bronx County. The case was then transferred to the Supreme Court for further proceedings, pursuant to an order of the Administrative Judge of the Criminal Division of the Supreme Court, dated September 27, 2004.[1] For the reasons stated below, defendant’s motion is denied.
Provisions of the State Constitution, the Judiciary Law, and the Criminal Procedure Law taken together authorize the Chief Judge, with the approval of the Court of Appeals, to create a *647 Criminal Division of the Supreme Court and transfer misdemeanors to it. Article VI, § 19 (a) of the NY Constitution provides that “[a]s may be provided by law, the supreme court may transfer to itself any action or proceeding originated or pending in another court . . . upon a finding that such a transfer will promote the administration of justice.” The conditions fixed by this provision are satisfied by Judiciary Law § 211 (1) (a), which permits the Chief Judge to regulate the transfer of “judges and causes” within the Unified Court System, and a series of codes and rules which addresses the second condition — the promotion of the administration of justice in Bronx County.
For example, the Chief Judge, through Rules of the Chief Judge (22 NYCRR) § 42.1, authorized the Chief Administrative Judge, after consultation with, and agreement of the Presiding Justice of the First Judicial Department, to transfer to a Criminal Division of the Supreme Court, Bronx County, most criminal cases pending in the Criminal Court in order to promote the administration of justice. Consolidation of the significant misdemeanor case load in Criminal Court into the Supreme Court, where substantially fewer cases were pending, would permit those matters to be resolved expeditiously and efficiently. The administrative orders which followed were in accord with this statutory scheme.
The procedures followed by the Chief Judge, and, in particular, the right of the Supreme Court to adjudicate misdemeanors in cases such as this, are supported by several decisions with instructive parallels to this matter.[2] See People v Darling (50 AD2d 1038 [1975]), which found that a Supreme Court Justice, sitting as the Supreme Court, had the authority under article VI, § 7 (a) to adjudicate several misdemeanors; Kagen v Kagen (21 NY2d 532 [1968]), which held that the Supreme Court as a court of “general original jurisdiction” could hear an action for child support, which ordinarily would be litigated in the Family Court under provisions of the Family Court Act and Domestic Relations Law; the Supreme Court, the Court said, “is a court of original, unlimited and unqualified jurisdiction” and is “unaffected” by other jurisdictional provisions (at 537-539); People v Turza (193 Misc 2d 432 [2002]), which ruled that the Supreme *648 Court, for the same reasons set forth herein, could transfer from the District Court to an Integrated Domestic Violence Part a harassment case involving a husband and wife; People v Levandowski (190 Misc 2d 738 [2002]), which similarly approved the transfer to it of a misdemeanor case from a town court, although, defendant argued, she was being denied her right to a trial by jurors from her community; and Schneider v Schneider (127 AD2d 491, 495 [1987]), where a child abuse proceeding in the Family Court, which had “exclusive” jurisdiction over the matter, was consolidated in the Supreme Court — “[a] court of general original jurisdiction” — with a matrimonial action.
Finally, defendant did not show that his fundamental right to a fair trial was infringed by the Chief Judge’s directive (Heller v Doe, 509 US 312 [1993]; Alevy v Downstate Med. Ctr., 39 NY2d 326 [1976]). His allegations that he was denied equal protection of the law have no merit, especially since the order of the Chief Administrative Judge (22 NYCRR 142.3) expressly states that “[e]ach case transferred from the Criminal Court ... to the [Criminal Division of] the Supreme Court . . . shall be subject to the same substantive and procedural law as would have applied to it had it not been transferred” in the first place. In other words, all of defendant’s rights — constitutional, by statute and traditional common law — remain the same and are unaffected by the transfer. In fact, since the Chief Judge’s order was intended to resolve misdemeanors pending in the Criminal Court swiftly and efficiently, defendant in a larger sense will be receiving significant benefits — an appropriate resolution of his case with all the protections afforded to him in the Criminal Court in the first place.
Accordingly, defendant’s motion is denied.

. The Chief Administrative Judge established by administrative order (22 NYCRR 142.2 [b]) a Criminal Division of the Supreme Court which would adjudicate all criminal cases transferred to it. That directive was followed by an order of the Administrative Judge of the Criminal Division of the Supreme Court which transferred to the Supreme Court most pending or subsequently commenced misdemeanor cases.

. CPL 210.05, which states that offenses in the Supreme Court must he prosecuted by indictment or superior court information, cannot alter, or affect the unlimited and unqualified jurisdiction of the Supreme Court to hear all classes of cases in accordance with article VI, § 7 (a).