OPINION OF THE COURT
Per Curiam.
Judgment of conviction, rendered April 13, 2005, affirmed.
The Chief Judge of the State of New York is vested with broad powers to establish standards and administrative policies for the unified court system (see NY Const, art VI, § 28 [c]), including but not limited to, those relating to the “transfer of . . . causes among the courts” (Judiciary Law § 211 [1] [a]). Pursuant to that authority, and upon consultation with the Administrative Board of the Courts and with approval of the Court of Appeals, Chief Judge Kaye, in September 2004, promulgated part 42 of the Rules of the Chief Judge (22 NYCRR) to create a “Criminal Division of the Supreme Court in Bronx County” (BCD). The stated purpose of part 42 is to “promote the administration of justice in the criminal courts in Bronx County by authorizing deployment of the judges of those courts in a manner that assures that all present and future caseload demands in such county will be met as expeditiously and effectively as possible” (22 NYCRR 42.1 [a]). To that end, the provision authorized the Chief Administrative Judge to establish the BCD and to provide for the transfer thereto of cases pending in the Bronx Criminal Court, in which at least one felony or misdemeanor is charged (22 NYCRR 42.1 [b], [c]).
Defendant was arrested and charged by misdemeanor information with criminal contempt in the second degree and harassment in the second degree. Following arraignment, the prosecutor reduced the second degree criminal contempt charge to attempted criminal contempt in the second degree. Thereafter, by order of the Chief Administrative Judge (22 NYCRR 142.2 [b]), the case was transferred to the BCD and defendant was tried, without a jury, convicted and sentenced. Defendant’s sole *65 argument for reversal, raised for the first time on appeal, is that Supreme Court never acquired jurisdiction over this case because it was not initiated by indictment or supreme court information, a claimed violation of CPL 210.05.
Titled “[ijndictment and superior court information exclusive methods of prosecution,” CPL 210.05 provides that “the only methods of prosecuting an offense in a superior court” are by indictment or superior court information. The statute, which is procedural in nature, is directed at the District Attorney, whose job it is to prosecute cases (see generally Matter of McDonald v Sobel, 272 App Div 455, 461 [1947], affd 297 NY 679 [1947]). Although the District Attorney has broad discretion in determining. when and in what manner to prosecute a case, whether the available evidence should be submitted to a grand jury or whether the grand jury should be bypassed and an accusatory instrument filed (see People v Di Falco, 44 NY2d 482, 486 [1978]), CPL 210.05 circumscribes a prosecutor’s ability to invoke a superior court’s jurisdiction.
The statute, however, cannot be read as a limitation on Supreme Court’s historical and constitutional power to preside over misdemeanor cases. “[I]f so read, it must obviously yield as an unauthorized encroachment on the powers of the [Supreme Court] authorized by the Constitution” (People v Allen, 301 NY 287, 290 [1950]).
“The Supreme Court is the only court of original jurisdiction coextensive in the arena of its exercise with that of the sovereignty which created it. Its jurisdiction is general, unlimited and unqualified and the Legislature has no power to limit or qualify it. Any act of the Legislature which deprives the court of the jurisdiction it had at the time of the adoption of the Constitution or limits or qualifies it is unconstitutional and void” (People ex rel. Folk v McNulty, 256 App Div 82, 89 [1939]; see also People v Darling, 50 AD2d 1038 [1975]).
While we recognize that the provisions of CPL 210.05, in some respects, may be jurisdictional in nature because of constitutional implications (see NY Const, art I, § 6), the prohibition of article I, section 6 of the Constitution that “ ‘[no] person shall be held to answer for a capital or otherwise infamous crime . . . unless on indictment of a grand jury’ is not a limitation directed to the courts, but rather to the State, and its function is to prevent prosecutorial excess” (People v Ford, 62 NY2d 275, 282 *66 [1984]). Inasmuch as there is no constitutional requirement that a defendant charged with a misdemeanor be prosecuted by indictment (see People v Green, 96 NY2d 195, 199-200 [2001]), the constitutional limitations, and their underlying policies, that apply to prosecution of felony charges are not present here. While defendant correctly argues that “[a] valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution” (People v Harper, 37 NY2d 96, 99 [1975]), in misdemeanor cases, an information may serve as a basis both for the commencement and prosecution of a criminal action (see CPL 100.10 [1]). Thus, there is no statutory impediment to the transfer of misdemeanor cases from Criminal Court to Supreme Court, particularly given the express recognition in the Criminal Procedure Law that Supreme Court has trial jurisdiction over misdemeanors “concurrent with that of the local criminal courts” (CPL 10.20 [1]), and that Criminal Court’s jurisdiction over misdemeanors is “subject to divestiture” by a superior court “in any particular case” (CPL 10.30 [1] [b]).
People v Wiltshire (23 AD3d 86 [2005], lv denied 6 NY3d 840 [2006]), does not warrant a contrary result. In Wiltshire (at 88), the Appellate Division reversed a conviction on the ground that “Supreme Court did not have jurisdiction to accept a plea to a charge brought by a felony complaint,” inasmuch as a felony complaint “is not the instrument of ultimate prosecution and must be followed by a grand jury proceeding and indictment.” By contrast, defendant herein was prosecuted under a valid information, which unlike a felony complaint, serves as the basis for the prosecution of a misdemeanor criminal action.
McKeon, RJ., Davis and Heitler, JJ., concur.