[897 NYS2d 158]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOAO
FERNANDEZ, Appellant.

Second Department, March 9, 2010

**APPEARANCES OF COUNSEL**

*Steven Banks*, New York City (*Martin M. Lucente* of counsel), for appellant.

*Charles J. Hynes, District Attorney*, Brooklyn (*Leonard Joblove, Jodi L. Mandel* and *Tonya Kerry* of counsel), for respondent.

**OPINION OF THE COURT**

Leventhal, J.

The principal issue presented on this appeal, which is one of first impression for this Court, is whether CPL 210.05 precludes the Integrated Domestic Violence (hereinafter IDV) Part of the

Supreme Court from exercising its jurisdiction under the New York State Constitution to try misdemeanor charges against a defendant in the absence of an indictment or a superior court information. We hold that it does not.

The defendant was charged with, inter alia, harassment in the second degree based on numerous harassing and threatening telephone calls he allegedly made to Margaret Leszcynska, his former paramour, with whom he had two children. On January 18, 2007, a misdemeanor complaint was filed charging the defendant with, inter alia, aggravated harassment in the second degree (three counts) (*see* Penal Law § 240.30 [1] [a], [b]; [2]). By order dated January 31, 2007, the action was transferred from the Criminal Court, Kings County, to the IDV Part of the Supreme Court, Kings County. The misdemeanor complaint was converted to an information by the complainant's attestation dated February 7, 2007. After a nonjury trial, the court convicted the defendant of three counts of attempted aggravated harassment in the second degree.

The defendant argues for the first time on appeal that the IDV Part of the Supreme Court, to which his case was transferred from the Criminal Court, lacked jurisdiction over the instant matter because neither a grand jury indictment nor a superior court information was filed by a district attorney, as required by CPL 210.05, and he never waived his right to an indictment by a grand jury. Moreover, the defendant contends that there was no legislative mandate authorizing the transfer.

### Preservation

As a threshold matter, we agree with the defendant that his contention regarding the jurisdiction of the IDV Part may properly be raised for the first time on appeal. The preservation rule does not apply to errors that "affect the organization of the court or the mode of proceedings prescribed by law" (*People v Agramonte*, 87 NY2d 765, 769 [1996] [internal quotation marks omitted]; *see People v O'Rama*, 78 NY2d 270, 277 [1991]; *People v Ahmed*, 66 NY2d 307, 310 [1985]; *People v Garbutt*, 42 AD3d 665, 667 [2007]). Such errors fall into a "very narrow category of cases" (*People v Kelly*, 5 NY3d 116, 119 [2005]). The Court of Appeals has held that, in general, errors that fall under the exception exist "where the court had no jurisdiction, or where the right to trial by jury was disregarded, or where there was a fundamental, nonwaivable defect in the mode of procedure" (*People v Patterson*, 39 NY2d 288, 295 [1976]). The exception to

the general rule was created "to ensure that criminal trials are conducted in accordance with the mode of procedure mandated by Constitution and statute" (*id.* at 295-296). However, the exception only applies to errors that "go[ ] to the *essential validity* of the [process and are so fundamental that] 'the entire trial is *irreparably tainted*' " (*People v Casey*, 95 NY2d 354, 366 [2000], quoting *People v Agramonte*, 87 NY2d at 770; *see People v Kelly*, 5 NY3d at 119-120; *People v Patterson*, 39 NY2d at 295-296).

Here, the defendant's contention that the Supreme Court was not competent to entertain the action in the absence of an indictment or a superior court information as required by CPL 210.05 raises the issue of the court's jurisdiction and, thus, preservation was not required (*see People v Wiltshire*, 23 AD3d 86, 88 [2005] [preservation not required where defendant claimed Supreme Court lacked jurisdiction over his case as a whole and, specifically, to accept his plea to a felony complaint]; *People v Jones*, 18 Misc 3d 63, 64-65 [2007] [reaching defendant's unpreserved claim that Supreme Court never acquired jurisdiction over his case because it was not initiated by indictment or superior court information as required by CPL 210.05]; *see also People v Ahmed*, 66 NY2d 307, 310 [1985] [mode of proceedings errors include "trial before a court not of competent jurisdiction"], citing *People v Bradner*, 107 NY 1, 4 [1887]).

## Jurisdiction of Supreme Court

The Supreme Court has general original jurisdiction in law and equity (*see* NY Const, art VI, § 7 [a]; *Sohn v Calderon*, 78 NY2d 755, 766 [1991]; *Kagen v Kagen*, 21 NY2d 532, 536 [1968]) and is " 'competent to entertain all causes of action unless its jurisdiction has been specifically proscribed' " (*Sohn v Calderon*, 78 NY2d at 766, quoting *Thrasher v United States Liab. Ins. Co.*, 19 NY2d 159, 166 [1967]; *see* Judiciary Law § 140-b; *Matter of H.M. v E.T.*, 65 AD3d 119, 123 [2009]). "[A]ny attempt by the Legislature to abridge, limit or qualify this broad jurisdiction of the Supreme Court is unconstitutional and void" (*People v Darling*, 50 AD2d 1038, 1038 [1975], citing *Busch Jewelry Co. v United Retail Employees' Union*, 281 NY 150, 156 [1939]).

In a criminal action, the superior courts, which include the Supreme Court and the County Court (*see* CPL 1.20 [20]; 10.10 [2]), have trial jurisdiction of all offenses in the following manner:

"(a) Exclusive trial jurisdiction of felonies; and

"(b) Trial jurisdiction of misdemeanors concurrent with that of the local criminal courts; and

"(c) Trial jurisdiction of petty offenses,[1] but only when such an offense is charged in an indictment which also charges a crime." (CPL 10.20 [1].)

The local criminal courts' concurrent jurisdiction of misdemeanors is subject to divestiture by the Supreme Court (*see* CPL 10.30 [1] [b]; [2]; *see also* CPL 170.20 [providing for removal of a case from local criminal court to superior court upon indictment]). Specifically, CPL 10.30 (2) provides that "[l]ocal criminal courts have preliminary jurisdiction of all offenses *subject to divestiture thereof in any particular case* by the superior courts and their grand juries" (emphasis added). Pursuant to CPL 10.20 (2), the Supreme Court has preliminary jurisdiction of all offenses but exercises such jurisdiction only by reason of and through the agency of grand juries (*see People v Davis*, 162 Misc 2d 662, 663 [1994]; *see also* CPL 100.05 [the only way in which a criminal action may be commenced in superior court is by filing therein an indictment by a grand jury]).

## IDV Court

The IDV Parts[2] were created pursuant to an administrative order of the Chief Judge dated January 6, 2004, an administrative order of the Chief Administrative Judge dated January 12, 2004, part 41 of the Rules of the Chief Judge, and part 141 of the Rules of the Chief Administrator of the Courts (*see* 22

---

1. "Petty offense" includes a violation or a traffic infraction (CPL 1.20 [39]).

2. The New York State Unified Court System Web site states: "Dedicated to the 'one family-one judge' model, IDV Courts respond to a historic problem in the court system, which requires domestic violence victims and their families to appear in different courts before multiple judges, often located in different parts of a county, to address their legal issues. By connecting one judge with one family, IDV Courts aim to provide more informed judicial decision-making and greater consistency in court orders, while reducing the number of court appearances. In addition, these courts offer enhanced services to victims and help to ensure offender accountability" (Integrated Domestic Violence Courts, http://www.nycourts.gov/courts/problem_solving/idv/home.shtml [accessed Mar. 19, 2010]).

NYCRR 41.1,[3] 141.1). The rules provide for the transfer to IDV Parts of the Supreme Court of "any . . . case pending in another court in the same county" (22 NYCRR 41.1; *see* 22 NYCRR 141.4).

---

**3.** 22 NYCRR 41.1, entitled "Integrated Domestic Violence Parts of Supreme Court and Domestic Violence Parts of Superior Courts," states:

"(a) Integrated Domestic Violence Parts of the Supreme Court and Domestic Violence Parts of the Supreme or County Court may be established in one or more counties by order of the Chief Administrator of the Courts following consultation with and agreement of the Presiding Justice of the Judicial Department in which the affected county or counties are located. As provided by rule of the Chief Administrator promulgated pursuant to subdivision (b) of this section:

"(1) Integrated Domestic Violence Parts shall be devoted to the hearing and determination, in a single forum, of cases that are simultaneously pending in the courts if one of them is a domestic violence case in a criminal court and the other is a case in Supreme or Family Court that involves a party or witness in the domestic violence case; or if one is a case in criminal court, Family Court or Supreme Court and the other is a case in any other of these courts having a common party or in which a disposition may affect the interests of a party to the first case. The Chief Administrator also may provide that, where cases are disposed of in an Integrated Domestic Violence Part, subsequent cases that would have been eligible for disposition in such Part were they to have been pending simultaneously with the cases already disposed of shall be eligible for disposition therein. Where no Domestic Violence Part has been established in the county pursuant to rules of the Chief Administrator promulgated pursuant to subdivision (b) of this section, the Chief Administrator may also provide that domestic violence cases pending in a criminal court in the county shall be eligible for disposition in the Integrated Domestic Violence Part if necessary to best utilize available court and community resources for domestic violence cases.

"(2) Domestic Violence Parts shall be devoted to the hearing and determination of domestic violence cases pending in a criminal court in the county if necessary to best utilize available court and community resources for domestic violence cases.

"(b) The Chief Administrator shall promulgate rules to regulate operation of Integrated Domestic Violence Parts in Supreme Court and Domestic Violence Parts in Supreme and County Courts. The rules of the Integrated Domestic Violence Parts shall permit a justice of the Supreme Court to transfer to such court, for disposition in an Integrated Domestic Violence Part thereof, any eligible case pending in another court in the same county. The rules of the Domestic Violence Parts shall permit a justice of the Supreme Court or a judge of the County Court to transfer to such court, for disposition in a Domestic Violence Part thereof, any eligible case pending in another criminal court in the same county."

Authority for the transfer of misdemeanor cases to the IDV Parts of the Supreme Court is found under NY Constitution, article VI, §§ 28 and 30, and Judiciary Law § 211 (*see People v Jones,* 18 Misc 3d at 64; *People v Gonzalez,* 6 Misc 3d 1034[A], 2005 NY Slip Op 50291[U] [2005]). Under NY Constitution, article VI, § 28 (c), the Chief Judge may establish "standards and administrative policies for general application throughout the state." Under NY Constitution, article VI, § 30, the Legislature has the power to regulate practice and procedure (*see People v Gutierrez,* 2001 NY Slip Op 40290[U] [Sup Ct, Westchester County 2001]). Pursuant to that authority, Judiciary Law § 211 provides, in pertinent part, as follows:

> "The chief judge, after consultation with the administrative board, shall establish standards and administrative policies for general application to the unified court system throughout the state, including but not limited to standards and administrative policies relating to:

> "(a) the dispatch of judicial business, the designation of administrative judges, hours of court, assignment of terms and judges, *transfer of judges and causes among the courts of the unified court system,* the assignment and reassignment of administrative functions performed by judicial and nonjudicial personnel, the need for additional judicial or nonjudicial personnel, and the publication of judicial opinions" (emphasis added).

Accordingly, Judiciary Law § 211 provides the Chief Judge with constitutional authority to regulate the transfer of cases among the courts.

Furthermore, NY Constitution, article VI, § 19 gives the Supreme Court the authority to transfer cases to itself. Section 19 provides, in relevant part: "[a]s may be provided by law, the supreme court may transfer to itself any action or proceeding originated or pending in another court within the judicial department other than the court of claims upon a finding that such a transfer will promote the administration of justice" (NY Const, art VI, § 19 [a] [emphasis added]).

Generally, constitutional provisions are presumptively self-executing (*see Brown v State of New York,* 89 NY2d 172, 186 [1996]). However, this Court has held that, in view of the phrase "[a]s may be provided by law" (NY Const, art VI, § 19

[a]), the power of removal conferred by article VI, § 19 (a) is not self-executing (*see Matter of Dalliessi v Marbach*, 56 AD2d 858 [1977] [removal power under NY Constitution, art VI, § 19 (a) is limited by introductory phrase "[a]s may be provided by law"]; *see also People v Rome*, 24 Misc 3d 1080 [City Ct, Long Beach 2009]; *but see People v Turza*, 193 Misc 2d 432 [2002] [removal by Supreme Court of lower court case to itself does not require implementing legislation]; *People v Levandowski*, 190 Misc 2d 738 [2002]). In any event, as the People correctly contend, Judiciary Law § 211, as implemented by the rules promulgated by the Chief Judge and the Chief Administrative Judge pursuant to authority derived from the New York State Constitution, provides statutory authority for the transfer of misdemeanor cases to IDV Parts pursuant to article VI, § 19 (*see People v Gutierrez*, 2001 NY Slip Op 40290[U] [Sup Ct, Westchester County 2001]; *see also People v Levandowski*, 190 Misc 2d at 743 [finding, as alternative ground, that NY Constitution, article VI, §§ 28 and 30, and Judiciary Law § 211 provide authority for Supreme Court's transfer of Criminal Court case to its IDV Part]; *People v Robinson*, 6 Misc 3d 645, 646-647 [2004]). Stated differently, we hold that Judiciary Law § 211 satisfies the "[a]s *may be provided by law*" requirement of NY Constitution, article VI, § 19 (a). Therefore, there is no merit to the defendant's contention that a lack of legislative authority forecloses the Supreme Court's exercise of its removal power under that constitutional provision.

## CPL 210.05

However, notwithstanding the Supreme Court's jurisdiction over both felonies and misdemeanors (*see* CPL 1.20 [20]; 10.10 [2] [a]; 10.20 [1]), the New York State Legislature enacted CPL 210.05, entitled "Indictment and superior court information exclusive methods of prosecution." CPL 210.05 provides that "[t]he only methods of prosecuting an offense in a superior court are by an indictment filed therewith by a grand jury or by a superior court information filed therewith by a district attorney" (*see People v Wiltshire*, 23 AD3d 86, 88 [2005]).

The issue of whether CPL 210.05 deprives the Supreme Court of trial jurisdiction over a misdemeanor case has yet to be addressed by this Court. In *People v Darling* (50 AD2d 1038 [1975]), the Appellate Division, Third Department, upheld the authority of the Supreme Court to exercise trial jurisdiction over misdemeanors in the absence of an indictment or superior

court information. In that case, the defendants were arraigned in the home of a Justice of the Supreme Court on misdemeanor charges of, inter alia, driving while intoxicated. No indictment or superior court information was presented. The court exercised trial jurisdiction by accepting the defendants' pleas of guilty and imposing sentence. The Appellate Division, Third Department found that the Justice was sitting as a Justice of the Supreme Court and that he "had the [authority] to conduct the preliminary proceeding and to conduct the action" (*id.*).

Recently, in *People v Correa* (70 AD3d 532 [2010]), the Appellate Division, First Department, concluded that the establishment of the Criminal Division of the Supreme Court in Bronx County (hereinafter the BCD) under part 142 of the Rules of the Chief Administrator of the Courts was inconsistent with the State Constitution and state law, and that the Supreme Court lacked jurisdiction over criminal cases in the absence of the filing of an indictment or superior court information as provided in CPL 210.05. In the unsigned majority decision, the First Department deemed the establishment of the BCD, which merged the New York City Criminal Court in the Bronx with the State Supreme Court in the Bronx, creating a single criminal trial court, to be an "eviscerat[ion]" of the Criminal Court, Bronx County (*id.* at 534). Specifically, the First Department held that 22 NYCRR parts 42 and 142 "effectively deprive[d] the Criminal Court of its jurisdiction over class A misdemeanors, leaving the court a shell of its former self as a result of the merger" (*id.* at 538). The First Department determined that the Chief Judge and Chief Administrator had "impinged on the Legislature's reserved primary power to alter and regulate jurisdiction, practice and procedure under State Constitution, article VI, § 30" (*id.* at 534). The Court further held that "[t]here is no statutory authority for transfer of cases being prosecuted by misdemeanor information to Supreme Court unless the matter is referred to a grand jury and an indictment obtained, or the right to indictment waived and a superior court information filed" (*id.* at 543-544).

We note that the establishment of the IDV Parts, unlike the establishment of the BCD, does not involve any purported "collapse" or "eviscerat[ion]" (*id.* at 534) of any other constitutionally created court. However, insofar as the First Department's holding in *People v Correa* can be read to support the proposition that the Chief Judge and Chief Administrative Judge are without authority to create the IDV Part, wherein the Supreme

Court exercises jurisdiction over non-indicted misdemeanors, we respectfully disagree.

In the instant case, the defendant argues that the transfer of his misdemeanor case to the Supreme Court violated CPL 210.05 because the Supreme Court did not acquire jurisdiction over the action by indictment or superior court information. The defendant argues that CPL 210.05 and the other sections referenced by the defendant limit the jurisdiction of the Supreme Court to the extent that they preclude the Supreme Court from presiding over preliminary aspects of felonies and all aspects of misdemeanors other than when returned by indictment. CPL 210.05 is procedural in nature (*see People v Jones,* 18 Misc 3d at 65; *see also People v Turza,* 193 Misc 2d at 434 [CPL 210.05 is a procedural bar to prosecutions in superior courts by means of a local criminal court accusatory instrument]) and does not limit the jurisdiction of superior courts. "The Legislature has never had the power to limit directly the jurisdiction of the Supreme Court and can not do so indirectly through the promulgation of a procedural rule" (*People v Gutierrez,* 2001 NY Slip Op 40290[U], *6 [2001]). Indeed, we note that, since the creation of the IDV Part in 2004, the Legislature has not sought to undo the creation of that part. Moreover, it has been held that CPL 210.05 was only intended to "circumscribe[ ] a prosecutor's ability to invoke a superior court's jurisdiction" and that the statute "cannot be read as a limitation on Supreme Court's historical and constitutional power to preside over misdemeanor cases" (*People v Jones,* 18 Misc 3d at 65; *People v Marrero,* 8 Misc 3d 172, 178 [2005] [CPL 210.05 "merely provides a mechanism for prosecutors to gain access to the Supreme Court in misdemeanor cases"]). We find that CPL 210.05 merely prescribes the method and manner required for a prosecutor to prosecute an offense in a superior court, rather than imposing a limitation on the superior court's constitutional jurisdiction over such a case. In any event, we hold that CPL 210.05 was not intended to prohibit the Supreme Court from exercising its jurisdiction under the New York State Constitution, nor can it.

Based on the foregoing, we hold that, contrary to the defendant's contention, CPL 210.05 does not preclude the IDV Part of the Supreme Court from exercising its jurisdiction under the New York State Constitution to try misdemeanor charges against a defendant in the absence of an indictment or a superior court information. Once the defendant's case was

transferred to the IDV Part pursuant to Judiciary Law § 211, as implemented by the rules promulgated by the Chief Judge and the Chief Administrative Judge pursuant to authority derived from the New York State Constitution, his case was properly handled pursuant to the appropriate substantive and procedural rules of that court (*see* 22 NYCRR 141.5 [each case transferred to the IDV part "shall be subject to the same substantive and procedural law as would have applied to it had it not been transferred"]). Thus, a reversal of the judgment of conviction and dismissal of the charges on that ground is not warranted (*cf. People v Gonzalez*, 6 Misc 3d 1034[A], 2005 NY Slip Op 50291[U] [2005]).

We note that the Court of Appeals is poised to determine whether it is improper for the Supreme Court to transfer non-indicted misdemeanors from the Criminal Court to itself (*see People v Wilson*, 59 AD3d 153 [2009], *lv granted* 12 NY3d 790 [2009]). In light of the conflict between our holding and the First Department's holding in *People v Correa*, the issue presented here may be ripe for review by the Court of Appeals.

A secondary issue raised by the defendant is whether the Supreme Court erred in not declaring a mistrial when the prosecutor elicited from the complainant an allegation that the defendant committed an uncharged crime. The defendant's contention is unpreserved for appellate review as defense counsel failed to move for a mistrial after the court sustained his objection (*see* CPL 470.05 [2]; *People v Thompson*, 62 AD3d 817, 818 [2009]). In any event, we presume that, at this nonjury trial, the court did not consider the allegation of an uncharged crime (*see People v Harris*, 133 AD2d 649, 651 [1987]).

Accordingly, the judgment is affirmed.

MASTRO, J.P., FISHER and ANGIOLILLO, JJ., concur.

Ordered that the judgment is affirmed.