[907 NYS2d 625]

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v TERRI JOHNSON, Defendant.

Supreme Court, Richmond County, September 2, 2010

## APPEARANCES OF COUNSEL

*Battiste, Aronowsky & Suchow, Inc.*, Staten Island (*Elizabeth Quinn* of counsel), for defendant. *Daniel M. Donovan, Jr., District Attorney*, Staten Island (*Ann Thompson* of counsel), for plaintiff.

## OPINION OF THE COURT

CATHERINE M. DIDOMENICO, J.

Defendant moves to transfer two pending criminal cases (40086M-2009; 40107M-2009) from this Supreme Court Integrated Domestic Violence (IDV) Part back to Criminal Court. The People oppose this motion. For the reasons set forth below, this motion is denied.

By order dated October 29, 2009, this court transferred into this IDV Part a criminal case alleging criminal contempt of court filed against defendant (40107M-2009) and a family offense case defendant filed against the complaining witness (O-129-09). On joint application of the People and defendant, this court also transferred a subsequently filed criminal case filed against defendant (40086M-2009) into this Part (*see* order dated Nov. 19, 2010). On May 20, 2010 the People's application to consolidate the two criminal cases for trial was granted. On that date, and for the reasons set forth in this court's written decision, the family offense case defendant filed against the complaining witness was dismissed for lack of proper service on an incapacitated person. Defendant now moves to send her consolidated criminal cases back to Criminal Court.

### Jurisdiction of the IDV Court

Defendant argues that an indictment or superior court information is needed to allow misdemeanor cases to be prosecuted in Supreme Court. The New York Court of Appeals has recently rejected this argument and has upheld the authority of IDV courts to preside over misdemeanor cases such as the cases brought against this defendant. (*See People v Correa*, 15 NY3d 213 [2010].)

Defendant also argues that upon dismissal of defendant's family offense petition for lack of service, the criminal cases must be transferred back to Criminal Court. Defendant cites no authority for this proposition and this court is aware of none. Transfer of IDV-eligible dockets is governed by 22 NYCRR 141.4 (a) (2), which provides, in part, as follows: When reviewing IDV eligible cases,

"the justice or judge presiding in such [IDV] Part shall determine whether or not a transfer of the case to that Part would promote the administration of justice. If the justice or judge determines that it would, he or she may order such a transfer . . . *and all further proceedings shall be conducted therein"* (emphasis added).

Section 141.1 (b) (2) further provides that where cases are disposed of in an Integrated Domestic Violence Part, subsequently filed cases are also IDV eligible.

Clearly, if the Supreme Court retains jurisdiction over subsequently filed cases, the court cannot be divested of jurisdiction when one of the original cases is disposed of either by settlement or court order. Such a result would promote forum shopping since, under defendant's theory, if a particular defendant believed it was advantageous to return to Criminal Court, he or she could withdraw the companion civil petition and thus secure an automatic return to the lower court. Indeed, to take this analysis one step further, a defendant could even be encouraged to file a civil proceeding which can be withdrawn to ensure a way of returning to the lower court at some point during the IDV proceeding. This argument is not supported by law and runs contrary to the intentions and purposes of the IDV Part. (22 NYCRR part 41; *People v Correa*, 15 NY3d 213 [2010].)

### Defendant's Fourteenth Amendment Due Process Rights

Defendant also argues that her constitutional due process rights will be infringed upon if a bench trial is held before this IDV Judge. She claims that this court was privy to information made available in the Family Court case that this court would not otherwise have known. This court rejects this argument for a number of reasons. First, in this case, it was defendant who filed the family offense petition against the complaining witness. Accordingly, any information this court had was information alleged by the defendant. Clearly, defendant would not have alleged facts adverse or prejudicial to herself. Second, defendant's family offense case was dismissed for lack of personal service and therefore, this court never reached the merits of her claims. Last, even if the case was brought against the defendant (which it was not) and this court received adverse substantive information about the defendant (which it did not), there is still no legal impediment to this IDV Judge presiding over the criminal bench trial. Appellate courts have repeatedly held that trial

judges, "by reasons of . . . learning, experience and judicial discipline, [are] uniquely capable of distinguishing the issues and of making an objective determination based upon appropriate legal criteria, despite awareness of facts which cannot properly be relied upon in making the decision." (*See e.g. People v Moreno*, 70 NY2d 403, 406 [1987] [internal quotation marks omitted]; *People v Latella*, 112 AD2d 324 [2d Dept 1985]; *People v Brown*, 24 NY2d 168 [1969]; *People v Collins*, 136 AD2d 722 [2d Dept 1988].)

Defendant's motion to transfer her criminal dockets back to Criminal Court is hereby denied for the detailed reasons set forth above. The administration of justice is best served by retaining all cases that were IDV eligible when transferred until all proceedings have been concluded and to transfer into IDV Part otherwise eligible subsequently filed cases. (*See* 22 NYCRR 141.1 [b] [2]; 141.4.) Any other ruling would allow for forum shopping at the whim of the parties by the withdrawal, discontinuance, or intentional delay of a companion case or docket. (*See Matter of Cohen v Seletsky*, 142 AD2d 111 [2d Dept 1988].)