OPINION OF THE COURT
Leonard G. Tilney, Jr., J.
This case illustrates the conflict between legislative intent and administrative fiat. The chronological history of this case begins on March 1, 2012 when the defendant was arrested by the Niagara County Sheriffs Office for two violations of the Penal Law. He was charged with violating section 215.52 (1) (aggravated criminal contempt), a class D felony, and section 120.00 (assault in the third degree), a class A misdemeanor. The defendant was arraigned by this court on March 1, 2012 at 4:30 a.m. without counsel present. Bail was set. The Niagara County Public Defender’s and Niagara County District Attorney’s Offices were notified and a preliminary hearing was scheduled. The People were unable to go forward with the preliminary hearing and this court released the defendant on his own recognizance pursuant to Criminal Procedure Law § 180.80. The matter was set for status on March 22, 2012. In the interim, this court received an order from the Honorable Matthew J. Murphy III, Acting New York State Supreme Court Justice, transferring this matter to the Integrated Domestic Violence (IDV) Part of the Supreme Court. The issues of this court’s jurisdiction and that of the Supreme Court of the State of New York are interesting if not conflicting. Both courts were constitutional creations. The Town Court’s constitutional roots are found when the 1777 New York State Constitution acknowledged the existence of justices of the peace and prescribed that new justices serve at the pleasure of the “council of appointment” for a period of three years. (1777 NY Const, art XXVIII.) The state’s second Constitution of 1821, as amended in 1826, required each town to have a supervisor and four “justices of the peace” to be elected to a four-year term by the “people . . . in their several towns.” (Amend I.) The Supreme Court was first created by statute in 1691 and reference to it can also be found in the original 1777 New York State Constitution. The Supreme Court, as we know it today, has existed since the 1846 Constitution’s reorganization of the judiciary (1846 NY Const, *192 art VI, § 3). Article VI, § 7 (a) of the present New York State Constitution continues that jurisdiction of the Supreme Court.
Town Courts have always maintained preliminary jurisdiction over felony cases to the exclusion of all other superior courts (cfi CPL 100.05) as well as trial jurisdiction over misdemeanors and violations (cf. CPL 10.30). Yet the New York State Constitution gives the Supreme Court “general original jurisdiction in law and equity.” (NY Const, art VI, § 7 [a]; see also Sohn v Calderon, 78 NY2d 755 [1991].)
Criminal Procedure Law
“§ 10.20 Superior courts; jurisdiction
“1. Superior courts have trial jurisdiction of all offenses. They have:
“(a) Exclusive trial jurisdiction of felonies; and
“(b) Trial jurisdiction of misdemeanors concurrent with that of the local criminal courts; and
“(c) Trial jurisdiction of petty offenses, but only when such an offense is charged in an indictment which also charges a crime.
“2. Superior courts have preliminary jurisdiction of all offenses, but they exercise such jurisdiction only by reason of and through the agency of their grand juries.
“3. Superior court judges may, in their discretion, sit as local criminal courts for the following purposes:
“(a) conducting arraignments, as provided in subdivision two of section 170.15 and subdivision two of section 180.20 of this chapter;
“(b) issuing warrants of arrests, as provided in subdivision one of section 120.70 of this chapter; and
“(c) issuing search warrants, as provided in article six hundred ninety of this chapter.”
“§ 10.30 Local criminal courts; jurisdiction
“1. Local criminal courts have trial jurisdiction of all offenses other than felonies. They have:
“(a) Exclusive trial jurisdiction of petty offenses except for the superior court jurisdiction thereof prescribed in paragraph (c) of subdivision one of section 10.20; and
“(b) Trial jurisdiction of misdemeanors concurrent *193 with that of the superior courts but subject to divestiture thereof by the latter in any particular case.
“2. Local criminal courts have preliminary jurisdiction of all offenses subject to divestiture thereof in any particular case by the superior courts and their grand juries.
“3. Notwithstanding the provisions of subdivision one, a superior court judge sitting as a local criminal court does not have trial jurisdiction of any offense, but has preliminary jurisdiction only, as provided in subdivision two.”
“§ 100.05 Commencement of action; in general
“A criminal action is commenced by the filing of an accusatory instrument with a criminal court, and if more than one such instrument is filed in the course of the same criminal action, such action commences when the first of such instruments is filed. The only way in which a criminal action can be commenced in a superior court is by the filing therewith by a grand jury of an indictment against a defendant who has never been held by a local criminal court for the action of such grand jury with respect to any charge contained in such indictment. Otherwise, a criminal action can be commenced only in a local criminal court, by the filing therewith of a local criminal court accusatory instrument, namely:
“1. An information; or
“2. A simplified information; or
“3. A prosecutor’s information; or
“4. A misdemeanor complaint; or
“5. A felony complaint.”
Regulations 22 NYCRR 141,4
“Section 141.4. Transfer of IDV- and DV-Eligible Cases
“Unless the administrative order establishing an IDV Part or a DV Part in a county shall otherwise provide:
“(a) Where an IDV-eligible case is pending in a court other than Supreme Court in such county or where a DV-eligible case is pending in a court other than the Supreme or County Court in such county:
“(1) Originals or copies of papers and other documents filed in such court in connection with the *194 case shall, directly following its identification as IDV-eligible or DV-eligible, be sent by the court to the respective IDV Part or DV Part.
“(2) Not later than five days following receipt of the original papers and other documents in an IDV-eligible case in an IDV Part or a DV-eligible case in a DV Part, the justice or judge presiding in such Part shall determine whether or not a transfer of the case to the Part would promote the administration of justice. If the justice or judge determines that it would, he or she may order such transfer, in which event the case shall be referred for disposition to the Part, all original papers, if not already sent, shall be sent from the originating court to the Part, and all further proceedings shall be conducted therein. If the justice or judge determines that such a transfer would not promote the administration of justice, he or she shall cause all papers and other documents in the case to be returned to the court from which they were received, where all further proceedings in such case shall be conducted in accordance with law.
“(3) Notwithstanding the provisions of paragraphs (1) and (2) of this subdivision, where the case is a criminal case and the defendant is held by the local criminal court for the action of a grand jury empaneled by a County Court, only copies of the papers and other documents filed with such court shall be delivered to the IDV Part or DV Part; and the justice or judge presiding therein may at any time order a transfer of the case to the respective Part provided he or she determines that such a transfer would promote the administration of justice. The original papers and other documents filed with the local criminal court shall be delivered to the County Court as required by section 180.30(1) of the Criminal Procedure Law.
“(b) Where an IDV-eligible case is a case pending in Supreme Court or where a DV-eligible case is a case pending in the Supreme or County Court where a DV Part has been established, it shall be referred for disposition to the respective IDV Part or DV Part of such court and all further proceedings shall be conducted therein.”
Certainly, this court is well aware of the Court of Appeals case *195 of People v Correa and those cases decided therewith (15 NY3d 213 [2010]). However, the Chief Judge’s own rule allows the transfer of a felony case to the IDV Part only after this court would have bound over the matter for the consideration of the grand jury. The Criminal Procedure Law specifically excludes the superior court’s intervention in this Town Court proceeding prior to that divestiture. We do not question the authority of the Supreme Court under the New York State Constitution to be unlimited, unless that authority has been specifically prescribed (cf. Thrasher v United States Liab. Ins. Co., 19 NY2d 159 [1967]); by the limitations imposed upon the Supreme Court by our State Constitution, for example, the Supreme Court cannot exercise jurisdiction over claims for money damages brought against the state itself; the Supreme Court cannot hear cases where exclusive jurisdiction has been deferred to the federal courts by the Supremacy Clause of the Federal Constitution; and the Supreme Court may not convict a defendant of a felony absent compliance with the indictment or waiver of indictment provisions under article I, § 6 of the New York State Constitution.
This court does not believe the Correa case abrogated the felony procedures found in the New York State Constitution and the Criminal Procedure Law. In fact, Correa dealt only with misdemeanor cases and specifically upheld the authority of the IDV Parts to preside over that type of case (see People v Johnson, 29 Misc 3d 812 [2010]). The Court of Appeals found authority for those misdemeanor cases to be established by article VI of the New York State Constitution under section 1 (a) which created a Unified Court System for the state and section 28 which vested the Chief Judge with authority to administer that system. Thus the Court of Appeals easily found that criminal cases could be transferred from City Court and County Court to Supreme Court in the counties of New York City. This court understands that the Unified Court System encompasses all courts run by and paid for by the State of New York, that is, the City, County, District, Family, Surrogate and Supreme Courts of the state. But, does it encompass Town Courts? Absolutely. Article VI, § (1) (a) of the State Constitution and section 102 of the Uniform Justice Court Act specifically include our Town Courts.
Because this court is part of the Unified Court System, the Chief Judge’s authority (which is derived from the State Constitution) over this court certainly exists. The question, which must be answered by an appellate court, is, does the Chief Judge’s rule over the Unified Court System supersede that of the New York Legislature?
*196 This court questions the Supreme Court’s exercise of its felony jurisdiction in this matter prior to our statutory mandate to screen felony cases for the grand jury’s consideration. The Supreme Court is a superior court which obtains felony jurisdiction only by divestiture and through its grand juries (CPL 10.30 [2]). This court does not accept that the Chief Judge’s rules are meant to supersede the action of the grand jury or the Legislature regarding felony procedures. It is clear the superior court would never attempt to transfer a felony case to itself except for the IDV Part rule. Here, there was no preliminary hearing held for or waived by the defendant. Therefore, no divestiture of this court’s preliminary felony jurisdiction occurred. We certainly understand the appellate courts’ rulings on concurrent misdemeanor jurisdiction between our two courts (see e.g. People v Fernandez, 72 AD3d 303 [2d Dept 2010]; CPL 10.20 [1] [b]), but this is a felony case. This is not a lateral transfer but a vertical one.
The promulgated rules for the IDV Part are prospective in nature. Once a case has been transferred to the IDV Part, all prospective cases will, likewise, be transferred to stop forum shopping (People v Johnson, supra). Knowing this to be true and not wishing to infringe upon the Supreme Court’s concurrent misdemeanor jurisdiction with this court, as indicated by the Rules of the Chief Judge (22 NYCRR), the Criminal Procedure Law, and the Correa decision, this court must transfer over the misdemeanor assault in the third charge to Justice Murphy’s calendar.
This court is ever mindful of its obligation to obey the Supreme Court’s initial transfer order while trying to balance the legislative mandates of its statutory duties. This court has an untenable quandary and position in that it must comply with said transfer order of the superior court but cannot do so until its statutory divestiture on the felony charge is completed. Accordingly, this court must delay in transferring the felony charge of aggravated criminal contempt until its statutory divestiture occurs. Therefore, it is ordered, that the Chief Clerk of the Town of Lockport Justice Court immediately transfer the assault in the third degree charge and all supporting documents to the Supreme Court, and it is further ordered, that upon earliest of the completion of a preliminary hearing or the defendant’s waiver of his preliminary hearing right or the People’s indictment of the defendant on the aggravated criminal contempt charge, the Chief Clerk of the Town of Lockport *197 Justice Court shall immediately transfer the said aggravated criminal contempt charge and all supporting documents to the Supreme Court.